N. Y. C. & ST. L. RD. CO. v. BIERMACHER.

Ohio Appeals 8th Dist., Cuyahoga Co.

No. 7848. Decided Feb. 1, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

Ferneding, Kunkle and Allread, JJ., of the 2nd Dist., sitting.

111. ASSUMPTION—Of Risk—829. Negligence—458. Employer's Liability.

Employe not chargeable with assumption of risk rising out of defect in appliance, attributable to his employer's negligence, unless he not only knew, or should have known, of defect, but also knew, or should have known, that it endangered his safety.

Error to Common Pleas.
Judgment affirmed.

Tolles, Hogsett & Ginn and W. T. Kinder, Cleveland, for Railroad Co.

Anderson & Lamb, and J. J. Tetlow, Cleveland, for Biermacher.

STATEMENT OF FACTS.

This is an action in which defendant in error sought to recover damages for personal injuries claimed to have been sustained while in the employment of plaintiff in error.

The case has an unusal history. Upon the first trial, the defendant in error secured a verdict and judgment in his favor, which was affirmed by the Court of Appeals, but was reversed by the Supreme Court in the 110 Ohio State Reports, pg. 173, upon the grounds therein stated.

Upon the second trial, the plaintiff in error secured a verdict and judgment in its favor, which judgment was reversed by the Court of Appeals, and the judgment of the Court of Appeals was affirmed by the Supreme Court in the 114 Ohio State Reports, page 554.

The case was thereupon tried the third time, with the result that defendant in error secured a verdict in his favor in the sum of $12,000. Motion for a new trial having been overruled, and judgment entered upon the verdict, error is prosecuted to this court. This is the judgment which is now under review.

In brief, it appears from the record that on May 25, 1920, defendant in error was an employe. as a carpenter, of plaintiff in error: that he, with three other employes and a foreman, constituted a crew which reported for work at the shop of plaintiff in error in Cleveland and, after loading a gasoline car with

(Continued on Page 342)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

For full history of these cases see Omnibus Index, last page.

**May 18, 1928**

21161—Wakem v. Dayton Plumbing Co.; motion for Montgomery Appeals to certify Burkhart, Heald & Pickrel, Dayton, for plaintiff; A. H. and O. B. Scharrer and L. E. Orendorf, Dayton, for defendant.

21162—Brown v. Sou. Ohio Sav. Bk. & Tr. Co.; motion for Hamilton Appeals to certify. John C. Healy and A. L. Herrlinger, Cincinnati, for plaintiff; John W. Peck, Cincinnati, for defendant.

**May 20, 1928**

21163—Lamneck v. Bailey et; motion for Tuscarawas Appeals to certify. J. S. Hare, Dennison, and Knepper & Wilcox and Brooklyn Bridge, Columbus, for the plaintiff; Warren Thomas, Warren, for defendants.

21164—Zowasky v. Ksiaskewicz; motion for Cuyahoga Appeals to certify. Lawrence A. Tucker and A. L. Glaser, Cleveland, for plaintiff; M. C. Harrison, Cleveland, for defendant.

**May 21, 1928**

21165—Ault v. Hall; motion for Cuyahoga Appeals to certify. Jacob DeKaiser and M. C. Harrison, Cleveland, for plaintiff; Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant.

**May 22, 1928**

21166—Ford Rlty. & Constr. Co. v. City of Cleveland; motion for Cuyahoga Appeals to certify. Day & Day, Klein, Harris & Diehm and Gordon Locke, Cleveland, for plaintiff; C. F. Shuler and A. H. Clum, Cleveland, for defendant.

21167—Nuhn et v. Bank of Vermilion Co.; motion for Erie Appeals to certify. G. A. Resek, Lorain, for plaintiff; J. F. Hertlein, Sandusky, for defendant.

21168—Johnson v. Uprite Mfg. Co.; motion for Hamilton Appeals to certify. A. B. Dunlap, Cincinnati, for plaintiff; E. H. Brink, Cincinnati, for defendant.

## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET
Wednesday, May 23, 1928

20132-3-4-5-6-7-8-9-40-1-4-5—State ex Turner, Atty. Gen. v. Albin, Blue, Botton, Guilkey, Reid, Schneider, Fassinger, Miller, Jackson, Andrews, Canfield and Oliver. On information Finding of Guilty.

20875—Zangerle, aud., v. state, ex Gallagher, Cuyahoga. Affirmed.

20894—Harmony Realty Co. v. Underwood; Cuyahoga. Judgment reversed and judgment for plaintiff in error.

20911—Western Reserve Steel Co. et v. Village of Cuyahoga Heights et. Reversed.

21048—Minerva-Canton Transit Co. v. P. U. C. Order affirmed.

21106—State ex. Burns Const. Co. v. Delaware Co. Comm.; in mandamus. Dismissed by relator at his costs; without record.

21014—State ex Kleinman v. Cleveland; in prohibition. Demurrer to petition overruled and writ allowed.

20588—Klar v. Erie R. R. Co. et; error to Portage Appeals. Affirmed.

### MOTION DOCKET

21078—Prendergast v. Ginsburg et. Motion for Cuyahoga Appeals to certify. Allowed.

21082—Browning v. State. Motion for leave to file petition in error to Muskingum Appeals. Allowed.

21091—Mooren et v. Flynt et. Motion for Cuyahoga Appeals to certify. Overruled.

21101—River Terminal Ry. Co. et v. McAllister. Motion for Cuyahoga Appeals to certify. Overruled.

21103—Madison Twp. Bd. of Ed. v. Waits. Motion for Perry Appeals to certify. Allowed.

21129—Carley et v. Vanness et. Motion for Hamilton Appeals to certify. Overruled.

21134—Lorain Co. Comm. v. State ex Finegold. Motion for Lorain Appeals to certify. Overruled.

## SYLLABI
## Ohio Supreme Court

STATE ex TURNER, Atty, Gen. v. ALBIN and 12 others. (12 Cases)

Ohio Supreme Court.

Nos. 21032 to 41 inc., 44 and 45.

Decided May 16, 1928.

**293. CONTEMPT—681. Jurisdiction—397a. Disbarment.**

1. Court has power to define and punish contempts and to impose penalty commensurate with gravity of offense.

2. Persons having no official relation to court may be found guilty of contempt.

3. Not necessary that accused completely consummate fraudulent purpose to transgress dignity and honor of court. Unsuccessful attempt sufficient.

4. Court may adjudge respondent guilty of contempt and, in same proceeding, enter order of disbarment.

On Information.

Finding of Guilty.

MARSHALL, CJ.

1. A court created by the constitution has inherent power to define and punish contempts, such power being neccessary to the exercise of judicial functions. Hale v. State, 55 Ohio St., 210, approved and followed.

2. Upon the punishment of persons adjudged guilty of contempt, the courts have inherent power to impose a penalty reasonably commensurate with the gravity of the offense.

3. Persons having no official relation to a court may be adjudged guilty of contempt of its processes.

4. It is not necessary to an adjudication of contempt that the accused person completely consummate the fraudulent purpose to trans-

gress the dignity and honor of the court. An unsuccessful attempt to do an act which if consummated would be reasonably calculated to bring the court into disrepute and disrespect is sufficient to justify an adjudication.

5. Where an information is filed against an attorney at law charging the commission of acts constituting a contempt of court and where such acts involve moral turpitude constituting grounds for disbarment and the evidence sustains both the charges of contempt and of disbarment the court may adjudge the respondent guilty of contempt and impose sentence thereon and in the same proceeding enter an order of cancellation of the certificate of such attorney.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur. Robinson and Jones, JJ., concur in the syllabus and the findings of guilty, except as to the respondent John B. Canfield. Kinkade, J., not participating.)

# OFFICIAL SYLLABI
## Ohio Appeals

## CLEVELAND v. THORNTON et.

Ohio Appeals, 7th Dist., Ashtabula Co.

F. C. Bosworth and Lody Huml, Cleveland, and B. F. Perry, Jefferson, for plaintiff in error.

Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for St. Paul's Episcopal Church et.

R. E. Mygatt, Conneaut, for Conneaut Mutual Loan & Tr. Co.

Kingdom & Kingdom, Conneaut, for defendant in error, Thornton.

362a. DECEDENTS' ESTATES—1271. Wills and Legacies—997. Real Estate.

1. Law favors vesting of estates.

2. Provisions, in clause of will, that "nothing herein shall be construed as giving my said children * * * any estate less than an absolute fee-simple estate" held to govern.

3. No specific rule for construction of will. Intention of testator is to be determined.

FARR, J.

1. The law favors the vesting of estates.

2. Provisions of will, devising certain realty to testator's four children and their heirs equally, that shares of any children, dying before testator, shall vest in survivors, and that they could not mortgage or dispose of property except by their concurrent act, held not to limit or cut down fee vested in them to life estate, with remainder over to survivors, in view of provision that "nothing herein shall be construed as giving my said children * * * any estate less than an absolute free-simple estate."

3. There is no specific rule for the construction of wills.

4. In the construction of wills, the intention of the testator is to be determined.
(Pollock and Roberts, JJ., concur.)

For reference to this full opinion, see Omnibus Index, last page, this issue.

## RUSS v. WILSON, Exr.

Ohio Appeals, 1st Dist., Clermont Co.

Decided Apr. 15, 1927.

H. D. Gatch and Murphy, Joseph & Murphy, Cincinnati, for Russ.

Stephenson & Stephenson, Cincinnati, and C. B. Nichols, Batavia, for Wilson.

27. ACTIONS — 923. Pleadings — 485. Executors and Administrators—681. Jurisdiction.

1. Causes of action, by executor, for money, checks, certificates of deposit, building and loan pass book, and other evidences of property alleged to have been taken from residence of deceased, held properly joined.

2. Question of misjoinder of causes of action must be raised by demurrer or by answer, otherwise objection is waived.

3. Trial court held to have jurisdiction to determine ownership of property claimed as gift causa mortis, although executor was, by agreement, in possession of property involved.

HAMILTON, PJ.

1. Causes of action by executor for money, checks, certificates of deposit, building and loan pass book, and other evidences of property which the executor alleged defendant had taken from residence of deceased, held properly joined, under Sect. 11306 GC., providing that actions connected with same subject might be joined, and Sect. 10857; providing that an executor might maintain an action asking the direction or judgment of the Court of Common Pleas in any matter respecting the property to be administered.

2. Under Sect. 11311 GC., question of misjoinder of causes of action must be raised by demurrer or by answer, and, if the question is not raised in either way, the objection is waived.

3. In direct and separate proceeding by executor against person claiming to own certain property as gift causa mortis from deceased, trial court held to have jurisdiction to determine ownership, although executor was, by agreeemnt, in possession of the property involved.
(Cushing & Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

(Continued from Page 340)

different kinds of material, started for Mentor, Ohio, for the purpose of rebuilding or replacing a depot which had burned down. They intended to move a shed across the track to serve temporarily as a station. These employes loaded the gasoline car with tools, such as bars, jacks, wrenches, ropes, rollers, etc. The rollers were pieces of iron pipe from 18 to 24 inches in length. The gasoline car was operated by a foreman. After it had proceeded some ten miles on its journey the car was derailed by reason of one or more of these rollers falling from the front end of the car. The defendant in error was injured by such derailment.

On each side of the gasoline car there was a trough in which the tools and articles above described were placed by the different members of the crew and over which the different members of the crew sat. It further appears from the record that it was the duty of the men sitting in this position to take charge of the said tools under them and see that they did not fall from the car. It also appears that the defendant in error was sitting at the rear of

the gasoline car at a place where there were no rollers in the trough. There were some ropes there which it was his duty to keep from falling off the car. It was also the duty of the defendant in error to keep a look-out to the rear for approaching trains, as there was a train about due.

These tools were carried, on the day of the accident, in the same manner and the same place as they had always been carried.

KUNKLE, J.

"It is admitted that this action is controlled by the Federal Employers Liability Act of 1908, and the amendments thereto, as both plaintiff in error and defendant in error were engaged in interstate commerce at the time of the accident, and that this case would be controlled by the decisions of the United States Supreme Court.

There seems to be no dispute but that the gasoline car upon which defendant in error was riding, and over which he had no control, was derailed and that such derailment was caused by a roller or pipe falling from such gasoline car in front thereof.

It is clair to us, from a consideration of the record, that each of the employes, upon the gasoline car in question, were the agents of the plaintiff in error for the purpose of performing certain duties. These duties, in the case of those employes sitting upon the different sides of the car, were limited to the care of the materials placed under their respective feet, and, in addition thereto, it was the duty of the defendant in error to watch the track to the rear for an approaching train then about due.

Defendant in error was not required to notice or observe the condition of the material under the feet or in the charge of the other members of the crew. In this situation, the defendant in error would not be responsible for the condition of the pipes or rollers on the front end of the car, nor would he be charged with the acts of a member of the crew, located on the front end of the car, who had charge of the pipes or rollers which fell off in front of the car and caused the derailment and the injury to defendant in error. The defendant in error was in no way responsible for the negligence or the acts of the other members of the crew.

The next question relates to the assumption of the risk. This is a question ordinarily for the jury, where there is a conflict of evidence or where the evidence is of doubtful inference.

The facts and circumstances disclosed by the record, we think, would warrant the conclusion that defendant in error had no knowledge of the manner in which the member of the crew was handling the pipes or rollers which fell on the track and caused the derailment. Without such knowledge, the defendant in error would not be held to have assumed the risk. This conclusion is strengthened by the fact that, during a large number of years of similar service, no such accident occurred. We think the rule in reference to assumption of risk is well stated by the United States Supreme Court in the case of Railroad Co. v. John Hall, 232 U. S. Reports, page 93, as follows:

"An employe is not chargeable with the assumption of a risk arising out of a defect in an appliance attributable to his employer's negligence unless he not only knew (or is presumed from its obviousness to have known) of the defect, but also knew (or else the danger must have been so obvious that ordinarily prudent persons under the circumstances would have appreciated it) that it endangered his safety."

Applying the principle announced in this case, we are of opinion that the defendant in error could not be charged with the assumption of the risk.

The judgment of the lower court will therefore be affirmed."

(Ferneding and Allread, JJ., concur.)

---

(Continued from Page 330)

**1265. WEIGHT OF EVIDENCE.**

Ohio Pub. Ser. Co. v. Alexander, Exrx. OA. 6 Abs. 337.

**1271. WILLS & LEGACIES.**