## EX PARTE BURRILL *et al.*

COSTS WHEN NEW TRIAL AWARDED.—When a judgment is reversed by the Supreme Court, and the case remanded for further proceedings, and costs are awarded in general terms, the costs awarded include only the costs made on the appeal to the Supreme Court. The costs of the former trial abide the event of the suit.

WHEN BILL OF COSTS SHOULD BE FILED IN COURT BELOW.—A memorandum of the costs of filing notice and undertaking on appeal, and preparing the transcript for the Supreme Court, should be filed in the office of the Clerk of the Court below at the time of filing the remittitur there, or within the time thereafter prescribed by *the statute in other cases.*

EXECUTION FOR COSTS OF PREVAILING PARTY.—The Clerk of the Court below can issue an execution, if required by the prevailing party, for the costs included in the memorandum, and the costs of the Clerk of the Supreme Court as certified by him on the remittitur.

WHEN THE JUDGE MAY ORDER STAY OF EXECUTION.—When a judgment is reversed by the Supreme Court, and the case remanded for further proceedings, and the Clerk of the Court below issues an execution for all the costs, as well those of appeal as those accruing before notice of appeal was filed, the Judge of the Court below has power to make an order staying the execution in the hands of the Sheriff until an application can be made to the Court to re-tax and adjust the costs.

APPLICATION for mandamus to the Judge of the Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*M. G. Cobb,* for Petitioners.

*A. M. Heslep,* for Respondent.

By the Court, CURREY, J.

This is an application for a writ of *mandamus* to compel the District Judge of the Fifth Judicial District to vacate certain orders by him made in an action wherein L. Cohn was plaintiff and one Goldstein was defendant, and Knapp, Burrill & Co. were intervenors, occupying an antagonistic position to

the plaintiff.    The action was tried in San Joaquin County, in said district, and judgment was obtained there by the plaintiff against the intervenors.    From this judgment the intervenors appealed to the Supreme Court.    The Supreme Court, in December, 1863, reversed the judgment and remanded the cause for a new trial.    Within ten days after this reversal, the appellants filed a verified bill of costs in the Clerk's office of the Supreme Court, amounting, in the aggregate, to the sum of three hundred and eighty-five dollars and forty-five cents. This amount consisted of seventy dollars and sixty cents, costs that accrued in the Supreme Court, and three hundred and fourteen dollars and eighty-five cents, costs that accrued in the District Court.    In due time a remittitur, with which was a copy of the bill of costs, duly certified, was issued and filed in the Clerk's office of the District Court, in San Joaquin County.    Upon the remittitur was indorsed by the Clerk of the Supreme Court the costs in the case, as consisting of seventy dollars and sixty cents, paid by appellants to the Clerk of the Supreme Court, and three hundred and fourteen dollars and sixty-five cents, costs in the Court below. After the remittitur, with the certified copy of the bill of costs, was so filed, an execution was issued in the case by the Clerk of the District Court, to enforce payment of the whole sum of three hundred and eighty-five dollars and forty-five cents, and placed in the hands of the Sheriff of San Joaquin County, who, by virtue thereof, collected the entire amount.    Before the money was paid over to the appellants, and before the return of the execution, the respondent, Cohn, applied to the Judge of the District Court to stay the execution, and also the money in the Sheriff's hands, until he could move the District Court for a re-taxation of the costs ; upon which the Judge made an order granting the application.    At the term of the Court subsequently held in the County of San Joaquin, the order previously made was modified.    By the modified order, the Sheriff was directed to return the execution as unsatisfied, and the Clerk of the Court was directed to issue, upon the request of the appellants, an execution in their favor against

*Ex parte* Burrill *et al.*

said Cohn for the sum of seventy dollars and sixty cents, as the whole amount of costs to which the appellants were entitled on appeal. From the petition it appears that the Sheriff has not returned the execution, as directed by the Court below, and he still has in his hands the money collected thereon.

The petitioners allege that the orders made by the Judge of the District Court are an illegal and unwarrantable interference with the judgment of the Supreme Court, and they therefore ask that a writ may be issued commanding the Judge of the Court below to vacate and annul the orders made by him, and that the Sheriff may be required to complete the performance of his duty under said execution.

The statute provides that there shall be allowed to the prevailing party in an action in the Supreme Court, District Courts, and County Courts, his costs and necessary disbursements in the action, (Practice Act, Sec. 494,) and that the party who claims his costs shall deliver to the Clerk of the Court, within two days after the verdict or decision may be rendered, a memorandum, duly verified, of the items of his costs and necessary disbursements in the action or proceeding. (Ibid, Sec. 510.)

From these provisions of the statute, we should be inclined to hold, if the question was *res integra,* that the memorandum of costs, duly verified, should be filed in the office of the Clerk of the Supreme Court, in cases decided therein. The practice for a few years after the Courts of this State were organized was, to some extent, to file a bill or memorandum of costs in the Supreme Court; but this practice fell into disuse, probably because of its great inconvenience. Then, for some time, it was the practice for the party prevailing in the Supreme Court to file his memorandum of costs in the Clerk's office of the District Court upon the filing of the remittitur, or within the time specified by the statute thereafter. This practice has been very generally adopted by the bar, and may be said to have been approved by the late Supreme Court in *Eaton* v. *Palmer,* 11 Cal. 341. In the case here cited it was objected

that no bill of costs had been filed in the Supreme Court, as required by section five hundred and ten of the Practice Act, to which the Court said: "We think that section does not apply to costs upon appeal. The costs upon appeal are properly the costs of this Court, and the costs of making up the appeal in the Court below, including the costs of making out the transcript." And, after remarking upon the oppressiveness of requiring the party to file his bill of costs in the Clerk's office of the Supreme Court, the Court said: "When a case is remanded for further proceedings, and costs awarded in this Court, in general terms, we mean only to include the costs upon appeal, leaving the costs of the former trial to abide the event of the suit."

It may be observed in this connection that it has become the custom to a very great extent to regard the memorandum of the costs, indorsed on the remittitur, and certified by the Clerk of the Supreme Court, as a sufficient bill of the costs which have accrued in the Supreme Court on the appeal, and this seems to be warranted by the decision in *Eaton against Palmer.* But the Clerk of the Supreme Court cannot certify as to the costs of making out the transcript of the record to be filed in the office of the Clerk of the Court of appeal, and it may be proper to suggest, that if the prevailing party intends to collect the fees for filing the notice of appeal and the expenses of preparing the transcript of the record, the same should be embodied in a memorandum of costs and filed in the Clerk's office of the Court below at the time of filing the remittitur there, or within the time thereafter prescribed by the the statute in other cases.

In the case under consideration, the appellants were not entitled to the costs that accrued in the Court below prior to filing the notice of appeal, and when the attention of the Judge of that Court was called to the fact that execution had been issued for the collection of the costs taxed as accruing in the District Court previous to the filing of the notice of appeal, as well as for the costs of appeal, and that the whole amount had been collected by the Sheriff, and was in his hands,

45

and when his authority over the subject was invoked, we think it was justly exercised in staying the execution and the money in the hands of the Sheriff until an application could be made to the Court to re-tax and adjust the costs which the respondents should pay to the appellants. If the Sheriff continues to refuse compliance with the order of the Court made at the term, to return the execution as directed, or if the Clerk refuses to issue an execution upon the application of the appellants for the costs which accrued by reason of the appeal, the same District Court possesses the power to enforce obedience to its orders.

The application for a mandamus must be denied.