written, that the charge becomes a part of the record and is reviewable as an entry.

*Held,* That there is no change brought about by that law in the nature or functions of a charge. It merely substitutes a written charge for an oral one. But the charge can only be brought up as it would have been formerly by exceptions, or case made, and the exceptions must be taken in the same way as before.

The only errors properly assigned relate to the exclusion of certain testimony designed to impeach the credit of the complaining witness. She had denied having conversations with various persons concerning her expectations of receiving some profit out of the trial. When the defendant sought to show that she had made statements to that effect the Court refused to permit the proof to be made.

*Held,* That the proof should have been admitted. The interest or bias of a witness has never been regarded as irrelevant. It goes directly to his credit, and must determine with the jury how far facts depending on his evidence are to be regarded as proven.

The judgment must be reversed and a new trial granted.

---

### ELLEN DONAHUE *vs.* JACOB KLASSNER.

An estoppel by land contract arises from the fact that possession which would not have been acquired without it, cannot be honestly be retained in defiance of it.

A deed was made and acknowledged in N. Y., in 1843, without witnesses. Clerk's certificate as to acknowledgment, was made in 1856, but does not purport to have been made by a Clerk of a Court of record. *Held,* that the deed was invalid.

The fact that restitution of premises is obtained from a judgment in an action of ejectment, does not change the burden of proof on a subsequent trial of the same cause.

Error to Berrien Circuit.

*Opinion by* CAMPBELL, Ch. J.—This is an action of ejectment, and the principal inquiries in it relate to the validity and construction of a conveyance and the effect of a contract by way

of estoppel· Plaintiff below, in order to prove his title, showed a patent from the United States to D. & J. Petrie, a deed from the Petries to one Barns, and from Barns to O. F. Howe. He introduced evidence further to show that Howe had made a contract to sell the land to Philip Donahue, under whom defendants below claimed as heirs-at-law, and that Donahue, failing to pay what was due, Howe assigned the contract and quit-claimed the land to plaintiff.

Plaintiff below testified that Philip Donahue was in possession claiming ownership before he took the contract by conveyance from one Jones, who had purchased of David Conant, and that Conant had improved it, and had entered under a tax title. The first question arising was whether Philip Donahue was estopped by the land contract from disputing plaintiff's title.

. *Held*, That he was not. He got no possession from Howe, but simply retained a possession he already claimed under color of right. A person in possession is not debarred from fortifying his title by getting in any outstanding titles which he can purchase. The most satisfactory doctrine in regard to the foundation of estoppels by land contract, where there is no independent or special covenant standing as a sufficient foundation, is that the estoppel arises from the fact that the possession which would not have been obtained without it cannot honestly be retained in defiance of it. But if not so obtained, the only thing that could be derived from the contract would be the title, and, of course there would be no justice in compelling a man in possession to give up to one who has no right, and who could not therefore fulfil his own contract. In a suit on the contract itself, the vendor would not recover without ability to perform on his part. Plaintiff's title, therefore, becomes of primary importance.

*Held*, That the deed from Petrie to Barns was invalid. It was made in New York without witnesses, and acknowledged in 1843. The clerk's certificate, verifying the acknowledgment was made in 1856, and does not purport to have been made by the clerk of a court of record. This disposes of the case, but some rules were laid down to guide in a new trial.

*Held*, That there is no foundation for the claim, that the fact

that restitution of the premises was obtained by plaintiff below on a former judgment changes the burden of proof on a new trial and compels the defendant to prove his own case. Upon the new trial the case must be tried just as if it had never been tried before. The deed of Barns is also objected to as not appearing to cover the land contained in the descriptive part of the declaration.

*Held*, that it is evident that but a small portion, if any of the land described in the declaration is covered by this deed.— And as there is no evidence in the case tending to identify the boundaries at all the deed was not available as a source of title upon the facts as returned.

Judgment must be reversed, and a new trial ordered.