[Civ. No. 6600. First Appellate District, Division One.—April 2, 1929.]

JOSEPHINE M. LAMB, Administratrix, etc., Petitioner, v. HONORABLE ERWIN W. OWEN, Judge of the Superior Court, etc., Respondent.

Byron Coleman for Petitioner.

W. W. Kaye and Siemon & Garber for Respondent.

TYLER, P. J.—*Mandamus* to require the superior court of Kern County to enter a judgment in conformity to the mandate of this court. On December 21, 1927, a decision in the cause entitled *W. S. Lierly* v. *David H. McEwen* was rendered herein reversing the judgment of the superior court of Kern County, and thereafter a *remittitur* was issued to such court on the twentieth day of February, 1928. The *remittitur* directed respondent herein to enter judgment in accordance with said decision. (87 Cal. App. 711 [262 Pac. 457].) McEwen has since died and petitioner is the duly appointed administratrix of his estate. The case involved the proportionate interest which certain locators of oil lands were entitled to under a leasing agreement with the Associated Oil Company and their interest in certain funds paid by the oil company and held by a banking company under a trust agreement. It was there determined by the judgment that defendant McEwen was entitled to 1/384 of seventy-five per cent of all oil realized by said oil company from the lands in question and 1/48 of all sums of money paid to the banking company by it for the use and benefit of all the locators. As pointed out in our opinion there were twenty-four locators, one of whom was F. B. Wilson. McEwen acquired one-half of Wilson's share or 1/48 interest. Under the agreement with the oil company each locator was entitled to 1/192 of seventy-five per cent of the net production of oil produced from the lands in question. McEwen having acquired one-half of Wilson's interest he was entitled under the agreement to 1/384 interest of all oil realized by said oil company from the lands and this court so determined. For like reasons it was also determined that he was further entitled to 1/48 of all sums paid

to the trust company by the oil company for the use and benefit of all the locators mentioned in the agreement with the oil company. ▉ It appears from the present proceeding that the respondent court entered a decree at variance with the judgment directed to be entered by this court, under which decree McEwen is given a less amount of the production of oil and a less interest in the fund than that to which he was entitled under the judgment.

It is therefore ordered that respondent judge vacate and set aside the judgment signed and entered by him in said action of *W. S. Lierly* v. *D. H. McEwen* on June 28, 1928, and sign and enter in lieu thereof a judgment awarding McEwen 1/384 of seventy-five per cent of all oil produced by the oil company from the lands in question and that he also award petitioner 1/48 part of all sums of money paid by the oil company and held by the trust company for the use and benefit of those entitled thereto.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1929, and a petitioner's application to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1929.