KRUK *v.* MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY CO.

1. COMMERCE—REMEDY OF EMPLOYEE INJURED WHILE EMPLOYED IN
   INTERSTATE COMMERCE IS UNDER FEDERAL EMPLOYERS' LIABILITY
   ACT.

   Where injuries to railroad employee occurred while the company
   was engaged and employee employed in interstate commerce,
   employee had no remedy under the State statutes, but his
   remedy was under the Federal employers' liability act (45
   USCA §§ 51–59).

2. ELECTION OF REMEDIES—MISTAKE NOT ELECTION.

   Mistake of remedy is not election of remedy, and plaintiff is not
   barred, under doctrine of election, from pursuing his true
   remedy.

3. ESTOPPEL—FEDERAL EMPLOYERS' LIABILITY ACT.

   Where judgment obtained by injured railroad employee in action
   under State statutes was set aside on ground that said stat-
   utes were not applicable, but plaintiff did not claim or concede
   that his declaration did not set out cause of action under
   Federal employers' liability act, and point was not raised, he
   is not estopped, on new trial, from invoking Federal statute,
   since, in order to work estoppel, position assumed in former
   trial must have been successfully maintained.

4. NEW TRIAL—CASE TRIED AS IF NOT TRIED BEFORE.

   On new trial being granted, case is tried as if it had not been
   tried before, and without prejudice to either party.

5. PLEADING—DEFECT WAIVED BY PLEADING GENERAL ISSUE.

   Where, in action for personal injuries by railroad employee,
   declaration was defective in that inconsistent causes were
   joined in one count contrary to requirement of Circuit Court
   Rule No. 21, § 7, said defect was waived by defendant plead-
   ing general issue.

---

On application and effect of the Federal employers' liability act
to employees engaged in interstate commerce, see annotation in 47
L. R. A. (N. S.) 52; L. R. A. 1915C, 56.

6. MASTER AND SERVANT—COMMERCE—PLEADING—AMENDMENT—EM-
PLOYERS' LIABILITY ACT.

Where, in action for personal injuries by railroad employee,
declaration charged negligence warranting recovery under
Federal employers' liability act, plaintiff was entitled to re-
cover under said statute although declaration did not allege
that defendant was engaged and plaintiff employed in inter-
state commerce at time of injury, since said allegations were
not necessary, and amendment permitting them introduced no
new cause of action barred by statute of limitations.

Certiorari to Gogebic; Driscoll (George O.), J.
Submitted January 8, 1930. (Docket No. 23, Cal-
endar No. 34,478.) Decided March 6, 1930. Re-
hearing denied June 2, 1930.

Case by John Kruk, an infant, by John Kruk, Sr.,
his next friend, against the Minneapolis, St. Paul &
Sault Ste. Marie Railway Company, a corporation,
and another, for personal injuries under the Federal
employers' liability act. Defendants review judg-
ment for plaintiff by certiorari. Affirmed.

*Thomas J. Landers* and *Cadigan & Cadigan,* for
plaintiff.

*Charles M. Humphrey* and *John E. Palmer,* for
defendants.

FEAD, J. August 17, 1925, plaintiff was injured
while working on defendant's railroad as a section
hand. In suit for damages, his declaration con-
tained two counts, both of which charged the ele-
ments of a cause of action for negligence and they
were identical except that the first count contained
an allegation, not in the second, that defendant was
subject to the Michigan railroad liability law, 2
Comp. Laws 1915, §§ 5496, 5501; and the second
count had additional allegations, not in the first,
that it was defendant's duty not to employ a person

under 18 years of age as a section hand, that plaintiff was under such age and his employment was unlawful and in violation of 2 Comp. Laws 1915, § 5332 and amendment (Act No. 206, Pub. Acts 1923), prohibiting employment of minors in hazardous occupations.

Defendant pleaded the general issue and gave notice that at the time of the injury plaintiff was employed in interstate commerce, the State statutes did not apply, and the case was governed by the Federal employers' liability act (45 USCA §§ 51–59).

Trial was had. After the jury was sworn, plaintiff dismissed the first count in the declaration, proceeded solely upon the theory of a cause of action under the hazardous occupation law, and contended the Federal act was not applicable. The court adopted plaintiff's theory, and he had verdict of a jury and judgment. Later, this court, in *Petranek v. Railway Co.,* 240 Mich. 655, held that the State hazardous occupation statute does not apply where the employment is in interstate commerce, as it has been superseded by the superior Federal law. On the basis of this decision, and on motion of defendant, a new trial was granted.

On March 8, 1929, defendant moved to dismiss the suit on the grounds that the second count in the declaration did not set up a cause of action, that plaintiff had abandoned the cause of action set up in the first count, had elected his remedy by trying the case on the second count, and is now estopped from pursuing a different remedy. The court denied the motion and permitted plaintiff to amend the second count of his declaration, which he did by alleging that the parties were subject to the Federal employers' liability law and by striking all reference

to the State statute. In other respects the count is unchanged.

Defendant reviews on certiorari, contending, in addition to its claims of election and estoppel as set up in the motion to dismiss, that the second count of the declaration stated a single cause of action, based on illegal employment of a minor, and that the amendment permitted by the court introduced a new cause of action barred by the Federal statute of limitations.

As the injury occurred while defendant was engaged and plaintiff was employed in interstate commerce, plaintiff had no remedy under the State statutes. His only remedy was under the Federal act. Mistake of remedy is not election of remedy, and plaintiff is not barred, under the doctrine of election, from pursuing his true remedy. *Sullivan* v. *Ross' Estate,* 113 Mich. 311; *In re Broffee's Estate,* 206 Mich. 107; 20 C. J. p. 25; *Troxell* v. *Railroad Co.,* 227 U. S. 434 (33 Sup. Ct. 274).

Nor is he estopped in fact or law by his position taken on the former trial. The record does not show that he claimed or conceded that the second count of his declaration did not set out a cause of action under the Federal act. The point was not raised. In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. 21 C. J. p. 1229. The order for new trial turned plaintiff's success in his position into defeat. Upon a new trial, a case is tried as if it had not been tried before and without prejudice to either party. *Donahue* v. *Klassner,* 22 Mich. 252; *Gott* v. *Judge of Superior Court,* 42 Mich. 625; *Shippy* v. *Village of Au Sable,* 85 Mich. 280; 46 C. J. p. 462. When new trial was ordered, the parties started again from their pleadings. If, after eliminating reference to the specific element of a cause of action

under the illegal employment statute, the second count still well charged a cause of action, plaintiff had the right to rely upon it, whether it was saved by design or good fortune. So deleted, the declaration charges a cause of action for negligence.

The cause of action for negligence undoubtedly was inconsistent with the charge under the hazardous employment act. The former was based upon the relation of master and servant, and the latter on the theory that the relation did not exist. Circuit Court Rule No. 21, § 7, permits the joining of inconsistent causes of action in a declaration, but requires that they be charged in separate counts. The second count violated this rule. The defect, however, was in form, not in substance. It should have been challenged by motion in the nature of special demurrer, and was waived by pleading the general issue. *Douglas* v. *Marsh*, 141 Mich. 209; 31 Cyc. pp. 277, 278, 719.

The second count of the declaration was sufficient to warrant recovery under the Federal employers' liability act, although it did not allege that defendant was engaged and plaintiff employed in interstate commerce at the time of the injury. These allegations were not necessary, and the amendment permitting them introduced no new cause of action barred by the statute of limitations. It merely amplified the facts to indicate to the court the applicable law. *Jorgensen* v. *Railway Co.*, 189 Mich. 537; *Fernette* v. *Railroad Co.*, 175 Mich. 653; *New York Central & Hudson River R. Co.* v. *Kinney*, 260 U. S. 340 (43 Sup. Ct. 122).

Affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and NORTH, JJ., concurred. McDONALD, J., did not sit.