KRUK v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

1. MASTER AND SERVANT—NEGLIGENCE—RAILROADS.
   In loading tools and dinner pails onto handcar on which six members of section crew were to ride, it was duty of foreman to take all reasonable precautions for safety of workmen.

2. SAME—QUESTION FOR JURY.
   Whether foreman of section crew was negligent in loading handcar, on which six men were to ride, with loose dinner pails and tools, which rolled around under feet of men, and in operating car at speed of 20 to 30 miles per hour, was question for jury.

As to view that direct command makes assumption of risk question of fact only, see annotation in 30 L. R. A. (N. S.) 442.

3. SAME—ASSUMPTION OF RISK.

Section hand, who had been employed only three days and had never before ridden on handcar, and who was injured by being thrown from car due to alleged improper loading of car and improper speed at which it was operated, did not, as matter of law, assume risk of riding on said car, since, if he assumed risk of riding on car so loaded when driven at proper rate of speed, he did not assume risk of its being operated negligently.

4. JUDGMENT—RES JUDICATA—PLEADING — AMENDMENT — FEDERAL EMPLOYERS' LIABILITY ACT.

That trial court was not in error in permitting plaintiff to amend declaration and to assert and maintain cause of action under Federal employers' liability act three years and seven months after cause of action accrued, is controlled by former decision (249 Mich. 685).

Appeal from Gogebic; Driscoll (George O.), J. Submitted October 27, 1931. (Docket No. 22, Calendar No. 35,826.) Decided March 2, 1932.

Case by John Kruk, by next friend, against Minneapolis, St. Paul & Sault Ste. Marie Railway Company under Federal employers' liability act for personal injuries. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Thomas J. Landers* and *Cadigan & Cadigan,* for plaintiff.

*Charles M. Humphrey* and *John E. Palmer,* for defendant.

McDONALD, J. This action was brought under the Federal employers' liability act (45 USCA, §§ 51–59) to recover damages sustained by the plaintiff, who, while employed in interstate commerce as a section laborer, fell from a handcar which he and other members of a section crew were operating on defendant's road near Ironwood, Michigan.

At the time of the accident, plaintiff was 16 years of age, and had been employed by the defendant for three days. He was riding backwards on the front end of the handcar, with his hands on the handlebar assisting in pumping. The foreman of the crew stood in the middle of the car in control of the brake. The car was loaded with loose tools and dinner pails belonging to members of the crew. As it proceeded down a grade, operated, as the plaintiff claims, at an unusual and high rate of speed, he observed that a dinner pail was about to jar off the front end. In attempting to prevent it, he stooped, and, in shifting his position, stepped on a moveable iron bar, lost his balance, and fell over in front of the car. He claims his spine was broken, and that he suffered other injuries of a permanent character. The negligence charged as the proximate cause of the accident is that defendant unsafely loaded the car in placing tools and bars loose on the floor so that they rolled about under the feet of the men; that the dinner pails were not fastened so they would not be jarred off; that the car was driven at an unreasonable rate of speed considering the manner in which it was loaded, and that the plaintiff was not warned of the danger in riding on a car while loaded in that manner. At the close of the plaintiff's case, and again when all the proofs were in, the defendant moved for a directed verdict on the ground that there was no evidence of actionable negligence; that if there was negligence on its part, the evidence did not show such negligence to be the proximate cause of the injury; and that in any event plaintiff's injuries were occasioned by risks which he assumed. Decision was reserved. After verdict, there was no motion for a new trial or for judgment

*non obstante veredicto.*   Judgment was entered on the verdict, and the defendant appealed.

1.   The first question presented is whether there was any substantial evidence of actionable negligence.

The claim of failure to warn the plaintiff of the dangers incident to his employment was not submitted to the jury.   It will not be considered.   The only other acts of negligence relate to the loading of the handcar and the rate of speed at which it was being propelled at the time of the accident.

The handcar in question was the usual old-fashioned standard type with a platform six feet and one inch in length and four feet five inches in width.   In the center the gears were protected by a wooden box built around them.   On the sides were small wooden cleats, but in the front and rear of the platform there was nothing to prevent tools or dinner buckets from sliding off.   At the time of the accident, this car was loaded with six men, six dinner buckets, and a quantity of hand bars, lining bars, claw bars, and other tools used by members of the section crew in their work.   These tools were thrown loosely on both sides of the car.   The dinner pails were set in the front and back.   Two of them were by the plaintiff's feet.   He stood with his back to the front of the car about a foot or a foot and a half from the edge of the platform.   He had his hands on the handlebar and was assisting in pumping.   In his testimony he describes the manner of the accident as follows:

"We was riding as far as this grade, and the handcar was picking up speed, and I happened to notice that a bucket on a long strap commenced to fall.   When this bucket was falling, I couldn't reach

it sideways, and I moved my feet over to get secure footing and I tried to get this bucket, and at the same time my foot slipped on those bars and my hands slipped. * * * The dinner bucket or pail with the long strap, if it would fall off it might wreck the handcar and it might kill somebody. In other words, when I noticed that the bucket was falling off I couldn't reach it sideways, so I tried to make a secure footing. When I tried to make a secure footing the bars rolled under my foot, and at the same time my hands slipped and I went backwards.

"*Q*. Where was the bucket at the time you were reaching for it?

"*A*. It was almost on the end, pretty near to fall off."

Another member of the crew, witness John Pahucki, testified that he saw the plaintiff fall as he stooped to catch the bucket; that the car was running 15 or 20 miles an hour, and that when it jumped the track it ran a distance of 40 or 50 feet into a bunch of rails. Prior to and at the time of the accident, the foreman in charge of the car stood at the center facing the front with his hand on the brake. He controlled its speed. He was experienced in its use. He knew how it was loaded. Assuming the truth of plaintiff's testimony, he saw the loose bars roll about on the platform. He saw them moving back and forth toward the front and end of the car where there was nothing to prevent them from falling off. He must have appreciated the danger of their doing so. It was his duty to exercise due care for the protection of the members of his crew. Whether he did so in loading the car and operating it at a speed of 20 or 30 miles an hour, crowded as it was with men and loose tools, was a question for the jury. In *Jambor* v. *Railway Co.*,

161 Minn. 195, reported in 201 N. W. 321, it was said (quoting from the syllabus):

"A tool slipped off a moving section car and derailed it, resulting in the death of a member of the crew. A little attention on the part of a fellow servant of deceased would have kept the tool in place and prevented the accident. These facts sustain the jury's conclusion of negligence."

So in the instant case, it may be said a little attention on the part of the foreman in loading the car and in operating it would have prevented the accident. In loading the car, or in operating it when loaded, it was his duty to take all reasonable precautions for the safety of his workmen. Whether he did so was a question for the jury. The plaintiff's case shows substantial evidence of negligence.

See *Hook* v. *Railway Co.,* 116 Kan. 556 (227 Pac. 531); *New York, etc., R. Co.* v. *Biermacher,* 28 Ohio App. 421 (162 N. E. 720).

2. The next question relates to the assumption of risk.

Assumption of risk is usually a question for the jury, and we think it was so in this case. Giving, as we must, full credit to the plaintiff's testimony, it is clear that the proximate cause of his injury was both the loading of the car and its operation at an improper speed considering the manner in which it was loaded. Both combined to produce the result. In the absence of either, the accident would probably not have happened. Though the plaintiff was but 16 years of age, and, as far as the evidence shows, had not assisted in loading the car and had never ridden on it before the day of the accident, the jury might have found that he knew and appreciated the dangers and assumed the risk of riding on a car so

loaded when driven at the usual or proper rate of speed. But it was not driven at the usual rate of speed. The plaintiff's testimony shows that they were in a hurry to get home and were operating the car faster than usual. The speed was in control of the foreman. The plaintiff could not know that the foreman was going to run the car too fast. He had a right to expect that it would not be operated at such a speed as to endanger the lives of the workmen. He did not assume the risk of its being operated negligently. If he appreciated the danger of so operating it, the knowledge came too late for him to assume the risk. In view of the evidence, the court was right in refusing to hold as a matter of law that the plaintiff assumed the risk of the dangers which resulted in his injury.

3. Did the trial court err in permitting the plaintiff to amend the declaration and to assert and maintain a cause of action under the Federal employers' liability act three years and seven months after the day the cause of action accrued?

This question was brought before this court for review on certiorari and was decided in 249 Mich. 685. It is controlled by the decision in that case.

The judgment is affirmed, with costs to the plaintiff.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.