[S. F. No. 16084. In Bank.—January 9, 1939.]

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Robert Brennan, Leo E. Sievert and H. K. Lockwood for Petitioner.

Clifton Hildebrand, James F. Hoey and Hildebrand & Bills for Respondents.

SEAWELL, J.—The petitioner Atchison, Topeka & Santa Fe Railway seeks a writ of prohibition to prevent a second trial of the action of *Scarlett* v. *Atchison, Topeka & Santa Fe*

*Railway*. The respondent Superior Court has granted a motion to set said case for retrial.

The action was brought to recover damages for personal injuries sustained by plaintiff, a brakeman, when he fell from a ladder on a freight car in the course of his employment. The first trial resulted in a judgment for plaintiff for $18,000, entered upon a jury verdict. We affirmed the judgment. (*Scarlett* v. *Atchison, Topeka & Santa Fe Railway*, 7 Cal. (2d) 181 [60 Pac. (2d) 462].) Thereafter the Supreme Court of the United States reversed it. (*Atchison, Topeka & Santa Fe Railway* v. *Scarlett*, 300 U. S. 471 [57 Sup. Ct. 541, 81 L. Ed. 748].) Petitioner contends that the judgment of the Supreme Court and the judgment of this court entered pursuant thereto preclude a second trial, which should be restrained by writ of prohibition. (*Lial* v. *Superior Court*, 133 Cal. App. 31 [23 Pac. (2d) 795] ; compliance with appellate court judgment enforced by writ of mandate, *Lamb* v. *Owen*, 98 Cal. App. 106 [276 Pac. 628].)

It was plaintiff's theory at the outset of the first trial that the complaint was broad enough to allege a right of recovery for violation of the Federal Safety Appliance Act (36 U. S. Stats. at L. 298, 45 U. S. C. A., secs. 11–16), and for common-law negligence independent of said act. █ The Federal Employers' Liability Act (36 U. S. Stats. at L. 65 ; 45 U. S. C. A., sec. 51 et seq.) imposes liability on the employer for damages to the employee both for violations of the Safety Appliance Act and for common-law negligence. Where there is a violation of the Safety Appliance Act, liability is absolute, rather than dependent on negligence, assumption of risk is not a defense to the employer, and contributory negligence of the employee does not reduce the damages. (*Scarlett* v. *Atchison, Topeka & Santa Fe Railway*, 7 Cal. (2d) 181, 185 [60 Pac. (2d) 462].) But where a claim of liability rests on common-law negligence, assumption of risk is a defense and contributory negligence reduces the damages. (45 U. S. C. A., secs. 53, 54.)

Plaintiff contended that he fell from the ladder when his foot came in contact with a round brace rod which was between the ladder and the side of the freight car. This rod braced the side and end of the car and ran in a diagonal position back of the ladder. In view of the fact that plaintiff originally relied on the claim of common-law negligence as

well as on a violation of the Safety Appliance Act, his contention was twofold: (1) that by reason of the presence of this type of brace rod, the ladder was not "secure" for use within the meaning of the Safety Appliance Act, which requires cars to be equipped with "secure" ladders (45 U. S. C. A., sec. 11); and (2) irrespective of said act, the use of cars with this type of rod constituted common-law negligence.

In its defense the defendant railroad offered testimony bearing on the defense of assumption of risk, which was available to defendant in claims based on common-law negligence. Counsel for plaintiff requested a recess to consider whether to base plaintiff's claim solely on the Safety Appliance Act, with a view to excluding testimony bearing on the assumption of risk. After said recess counsel for plaintiff stated that it had been decided "to base his case squarely upon the Safety Appliance Act", and that he abandoned any claim for common-law negligence. This action by plaintiff resulted in the exclusion of the evidence in question.

In the trial court and on appeal defendant contended that as the brace rod and ladder had a clearance of more than $2\frac{1}{2}$ inches, there was a compliance with a rule of the Interstate Commerce Commission in that regard, and as a matter of law the ladder must be held to be "secure". In affirming the judgment for plaintiff we held that the clearance rule was not intended to govern and to legalize the situation where the clearance space between car side and ladder although greater than $2\frac{1}{2}$ inches, contains a hazardous diagonally placed round brace rod. We further held that since the rule of the commission did not cover the situation, it was for the jury to determine whether the ladder was "secure" within the meaning of the Safety Appliance Act. We defined a "secure" ladder to mean "safe for use in the purpose for which it is intended". (*Davis* v. *Reynolds,* 280 Fed. 363, 366.) We rejected the contention of the defendant that the ladder could not be held to be "insecure" by virtue of the presence of this type of rod for the reason that the brace rod was no part of the ladder. We declared "that the act [Safety Appliance Act] contemplates not only that any appliance shall be without defect or secure as to its construction but also that it shall be secure in matters pertaining to its location, installation, maintenance and intended use", and that "the injection of a foreign article [the brace rod] which is no part of an appliance would be as likely to render

the appliance insecure as a direct defect in the appliance itself".

The Supreme Court of the United States reversed our judgment, holding that there was as a matter of law no violation of the Safety Appliance Act. The court said: "We do not see how it reasonably can be said that the brace rod constitutes a part of the ladder. In itself, it was a contrivance separate and distinct from the ladder, designed and used for a purpose entirely apart from the use of that appliance. The right of recovery, if any, must, therefore, rest upon the effect of the near proximity of the ladder to the rod, neither being in itself defective. The law to be applied to that situation is the common-law rule of negligence, and not the inflexible rule of the Safety Appliance Act; and the questions to be answered are whether the two appliances were maintained in such relation to one another as to constitute negligence on the part of the company, and, if so, whether Scarlett assumed the risk. [Citing cases.] *In that view, Scarlett in abandoning his claim under the common-law rule of negligence abandoned the only possible ground of recovery.* (Italics ours.)

"Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion."

The petitioner herein relies on the italicized sentence as tantamount to a declaration that the action shall not be retried on the issue of common-law negligence, but a final judgment should be entered that plaintiff Scarlett take nothing. Upon receipt by this court of the mandate from the Supreme Court of the United States we entered a judgment as follows: "It is ordered that the judgment appealed from is hereby reversed." The defendant railway company petitioned us to modify said judgment by adding thereto the following:

"The Superior Court of the State of California in and for the County of Contra Costa is hereby directed upon the filing of the *remittitur* in this case to enter judgment for defendant for costs, as above stated [costs in Supreme Court of the United States, as provided by mandate to this court], and also for such costs and disbursements in the courts of this state as may be taxed and allowed."

This modification, if made, would have included trial court costs for the trial theretofore had. A judgment entered

pursuant to such a direction would have precluded a retrial, since the trial court costs are recoverable only upon entry of the judgment which finally disposes of an action. (*Monson* v. *Fischer*, 219 Cal. 290 [26 Pac. (2d) 6]; *Tulare Irr. Dist.* v. *Lindsay-Strathmore Irr. Dist.*, 205 Cal. 6 [269 Pac. 525]; *Ex parte Burrill*, 24 Cal. 350; 7 Cal. Jur. 316.) This court did not grant the modification as prayed for, but did modify the judgment on June 10, 1937, to read as follows:

"It is ordered that the judgment appealed from is hereby reversed with directions to the trial court to enter judgment in favor of defendants in the sum of Five Hundred and Thirty-three Dollars and forty-three cents ($533.43), and costs on appeal."

The sum of $533.43 was the amount of costs in the Supreme Court of the United States. Fearing that the modification made by us might be interpreted as precluding a retrial on the theory of common-law negligence, plaintiff, in turn, petitioned that the reference to costs be stricken and that our judgment expressly provide for a new trial. The matter was placed on the calendar and, after argument, was denied from the bench. The remarks of members of this court made at that time, which remarks were recorded by the court reporter, indicate that this court did not intend thereby to deny a new trial to plaintiff, but, rather, that this court was of the view that the question as to a retrial should be passed on by the trial court.

It is the general rule that a retrial in civil actions may be had following a reversal without express provision therefor in the judgment of the appellate court. (*Falkner* v. *Hendy,* 107 Cal. 49 [40 Pac. 21, 386]; *Heidt* v. *Minor,* 113 Cal. 385 [45 Pac. 700]; *Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438, 443 [257 Pac. 521]; *Harding* v. *Harding,* 148 Cal. 397 [83 Pac. (2d) 434]; *Erlin* v. *National Union Fire Ins. Co.,* 7 Cal. (2d) 547 [61 Pac. (2d) 756]; 2 Cal. Jur. 1057; 5 C. J. S. 1476.) In view of this general rule and the further fact that in acting on the first petition for modification we refused to provide for trial court costs, our judgment of June 10, 1937, cannot be construed as denying the right to a retrial. Said judgment, in the circumstances, neither affirms nor denies the right to retry the action.

The question to be determined then is whether the judgment of the Supreme Court of the United States precludes

a retrial. If that court had been of the view that the only proceeding consistent with its opinion was the entry of a final judgment for defendant without the right of retrial for plaintiff, it would have been a simple matter to state its view clearly and unequivocally in its opinion.

The decision of the Supreme Court must be construed in the light of certain well-established principles. We are not here concerned with the right of plaintiff to bring a second and independent action based on common-law negligence. The decision of the Supreme Court is to the effect that plaintiff misconceived his remedy in proceeding to judgment on the theory of violation of the Safety Appliance Act. It is elementary that the law favors the decision of cases on their merits. Plaintiff is not seeking a second trial upon other acts of defendant than those relied on in the first trial, but, rather, he now seeks a decision on the question whether said acts constitute common-law negligence.

The effect in general of a reversal is to set the case at large as if it had never been tried. (*Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438, 443 [257 Pac. 521]; *Erlin* v. *National Union Fire Ins. Co., supra; Estate of Pusey*, 177 Cal. 367 [170 Pac. 846]; *Heidt* v. *Minor, supra; Kruk* v. *Minneapolis, St. Paul & S. S. M. Ry. Co.*, 249 Mich. 685 [229 N. W. 479]; Id., 257 Mich. 152 [241 N. W. 162]; 2 Cal. Jur. 996; 5 C. J. S. 1576.)

■ The doctrine of election of remedies does not defeat plaintiff's claim to a retrial. The doctrine of choice between inconsistent remedies presupposes a choice of remedies. Where a party misconceives his remedy, he is not in general precluded thereby from availing himself of the proper remedy. (*Hinkel* v. *Crowson*, 83 Cal. App. 87, 97 [256 Pac. 479]; *Kruk* v. *Minneapolis, St. Paul & S. S. M. Ry. Co., supra; Barnsdall* v. *Waltemeyer*, 142 Fed. 415, 420; *McGibbon* v. *Schmidt*, 172 Cal. 70 [155 Pac. 460]; 10 Cal. Jur. 5; 20 C. J. 21.) That the proper basis of plaintiff's claim presents a difficult problem is indicated by the fact that the trial court and this court affirmed his right to proceed under the Safety Appliance Act, while the Supreme Court of the United States ruled otherwise. A mere mistake of judgment should not result in depriving one of valuable rights. (*Agar* v. *Winslow*, 123 Cal. 587, 592 [56 Pac. 422, 69 Am. St. Rep. 84].)

It has been held that one who proceeds to judgment on a claim of violation of the Federal Boiler Inspection Act (45 U. S. C. A., sec. 23), a safety statute similar to the Safety Appliance Act, may, upon reversal, be granted leave by the appellate court to amend his complaint to set up common-law negligence. (*Riley* v. *Wabash R. R. Co.*, 328 Mo. 910 [44 S. W. (2d) 136].) In the cited case the plaintiff claimed that his injuries were due to a clinker hook which was out of place on the top of an engine tender, and that by reason thereof the tender was not "in proper condition and safe to operate", as required by the Boiler Inspection Act. The court submitted the case to the jury on this theory. The appellate court held that said act had reference to. "some mechanical defect in the appliance itself, or a defect in the design, or the construction of the locomotive or tender" (44 S. W. (2d) 136, 141), and that the case should have gone to the jury on the question whether the misplacement of the clinker hook by an employee of defendant constituted negligence.

If a retrial properly may be ordered by the appellate court on the theory of common-law negligence, as was done in the Riley case, *supra,* then we should be loathe to interpret the decision of the Supreme Court in the instant case as denying this right by implication where it is not expressly denied. In the Riley case the plaintiff did not go to trial on two theories and during the course of the trial, as in the instant case, elect to proceed solely on one theory, and "abandon" the other. But we do not deem this distinction vital. There was an abandonment in the sense of an election when the plaintiff in the Riley case framed his complaint on one theory to the exclusion of the other.

In *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 357 [107 N. E. 60, 12 A. L. R. 683], there was a question whether the Federal Employers' Liability Act or a state statute governed. The court said: "It is a familar principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice,

nor an election. A party is not obliged to select his procedure at his peril."

In *Kruk* v. *Minneapolis, St. Paul & S. S. M. Ry. Co., supra;* Id., 257 Mich. 152 [241 N. W. 162], the case was tried solely on the theory that a state law governed. After judgment for plaintiff it was held in another case that said statute did not govern. Thereupon the trial court granted a new trial in the Kruk case, and over the objection of defendant that plaintiff was estopped from pursuing a different remedy, permitted him to retry his case under the Federal Employers' Liability Act. The decision on this point was without reference to the fact that plaintiff was a minor.

█ We conclude that it was not the intent of the Supreme Court of the United States to deny to the courts of this state the right to relieve plaintiff of his "abandonment" of the claim of common-law negligence; that by its statement to the effect that "Scarlett in abandoning his claim under the common-law rule of negligence abandoned the only possible ground of recovery", the federal court meant no more than that the judgment resulting from the first trial could not be sustained on any theory, since for the purposes of that trial plaintiff had elected to rely on the claim of violation of the Safety Appliance Act, and thereby had abandoned the only possible ground of recovery.

Plaintiff is not seeking to reinstate a cause of action barred by the statute of limitations. (*Kruk* v. *Minneapolis, St. Paul & S. S. M. Ry. Co., supra;* *Nash* v. *Minneapolis & St. Louis Railroad Co.,* 141 Minn. 148 [169 N. W. 540].) He is relying on the same facts as on the first trial, and, indeed, on the same law, the Federal Employers' Liability Law, which imposes liability on the employer for injury both for violations of the Safety Appliance Act and common-law negligence. He desires to retry the same cause of action, the admission of evidence and instructions to be governed by the theory of recovery as announced by the Supreme Court.

The writ is denied.

Shenk, J., Houser, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied. Edmonds, J., voted for rehearing.