[Civ. No. 17474. Second Dist., Div. Three. Mar. 8, 1950.]

AUSTIN CARTER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; SEABOARD FINANCE COMPANY, Real Party in Interest.

A. W. Brunton and Lauren M. Handley for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondents.

Bromley, Ritter & Lindersmith and Frank E. Carleton for Real Party in Interest.

SHINN, P. J.—Austin Carter petitions for a writ of mandate by which it is sought to require the superior court to proceed to judgment in an action he has pending against Seaboard Finance Company without entertaining and determining issues raised by defendant's amended and supplemental answers. The ground upon which he seeks relief is that the Supreme Court heretofore rendered its judgment by which it reversed in part a judgment rendered in favor of defendant and limited the issues to be retried in the superior court. Plaintiff's action is for money. His complaint alleged three causes of action all arising out of a single transaction in which he purchased four motor vehicles and in connection therewith executed to Seaboard his note and chattel mortgage. The facts of the case are considerably involved. They are set out in full in *Carter* v. *Seaboard Finance Co.*, 33 Cal.2d 564 [203 P.2d 758]. Briefly stated, the decision of the Supreme Court was that the chattel mortgage was in law a conditional agreement for the sale of motor vehicles, as defined by section 2981(a), Civil Code; that it was valid as to two of the vehicles and invalid as to the other two. Plaintiff's demand for the recovery of money paid under an allegedly invalid agreement was asserted in the second cause of action of his complaint. The judgment of the Supreme Court (p. 588) reads in part as follows: "The judgment on the second cause of action is reversed with directions to the trial court to determine the sums due to the plaintiff on the unenforceable portion of the contract relating to the Sterling and Freuhauf vehicles and enter judgment accordingly."

Under this direction of the Supreme Court the superior court will be required to determine nothing except the amount

that is recoverable by plaintiff in the transaction with respect to his purchase of the Sterling and Freuhauf vehicles. However, defendant has now filed amended and supplemental answers asserting counterclaims against plaintiff arising out of the same transaction, by which it seeks to recover a money judgment from plaintiff. It appears from the answers that are now before the court that with respect to the enforceable portion of the chattel mortgage Seaboard has sold a Cummins truck and a Weber trailer under a power of sale, has applied the amount received upon the amount claimed by it to be allocable to the lien on those two vehicles, and that there remains a large deficiency which plaintiff is obligated by the mortgage to pay. Plaintiff made motions to strike these amended and supplemental answers upon the ground that the superior court must follow the specific directions of the Supreme Court and may not try other issues. The motions have been denied, and the court is proceeding with a purpose to adjudicate all claims of the respective parties arising out of the transaction.

The major question discussed in the briefs is whether the judgment of the Supreme Court should be given literal effect, thereby limiting the powers of the superior court to the ascertainment of the sum that may be found due to plaintiff upon the unenforceable portion of the contract. Seaboard insists that it was not the intention of the Supreme Court to thus limit the issues to be tried and, further, that it will suffer irreparable injury and loss if it is not allowed to offset its claims for the deficiency and other claims against any judgment plaintiff may recover.

The original trial in the superior court ended February 17, 1947, when judgment was entered in favor of defendant. In the supplemental answer it is alleged that on July 2, 1947, defendant sold a Cummins diesel truck and a Weber trailer under power of sale contained in the mortgage for $5,000; that $8,239.17 was the sum attributable to these two vehicles in the loan transaction and was their reasonable value at that time; that the sale of the vehicles left a deficiency in the amount of $4,631.49 and that said sum remains wholly unpaid. Other special defenses set up counterclaims for money had and received in the amounts of $3,635.95 and $4,631.49. It thus appears that defendant's counterclaim for the deficiency did not arise until some months after judgment had been entered in favor of defendant. No counterclaim for money had and received was filed by defendant prior to the judgment

granted in February, 1947. Under the original pleadings as they stood during the pendency of the appeal and at the time of the decision by the Supreme Court, the sole issue under the second cause of action of the complaint was whether plaintiff was entitled to recover certain sums of money from defendant. (There were other causes of atcion as to which the judgment in favor of defendant was affirmed.)

In the early case of *Keller* v. *Lewis,* 56 Cal. 466, it was held that upon a judgment of reversal by the Supreme Court with directions to the court below to render a decree in accordance with the views therein expressed the court below had but to follow the direction thus given and that the trial court properly refused to allow new issues to be framed by supplemental pleadings. The courts have repeatedly adhered strictly to the rule. It was expressed by the Supreme Court in *Rice* v. *Schmid,* 25 Cal.2d 259, 263 [153 P.2d 313], as follows: ''Where a reviewing court reverses a judgment with directions to determine damages in accordance with the rules set forth in its opinion and to enter judgment for the plaintiff, the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court. (*Cowdery* v. *London etc. Bank,* 139 Cal. 298, 307 [73 P. 196, 96 Am.St.Rep. 115] ; *Weaver* v. *San Francisco,* 146 Cal. 728, 732 [81 P. 119] ; *English* v. *Olympic Auditorium, Inc.,* 10 Cal.App.2d 196, 201 [52 P.2d 267].)'' Any proceedings had or judgment rendered contrary to such specific directions would be void. (*Snoffer* v. *City of Los Angeles,* 14 Cal.App.2d 650 [58 P.2d 961] ; *Phillips* v. *Patterson,* 34 Cal.App.2d 481 [93 P.2d 807].)

It is equally well settled that when the trial court is about to exceed its authority by proceeding otherwise than in accordance with directions given with respect to the issues to be tried, or judgment to be entered, either mandate or prohibition is a proper remedy to compel obedience to such directions. (*Lamb* v. *Owen,* 98 Cal.App. 106 [276 P. 628] ; *Lial* v. *Superior Court,* 133 Cal.App. 31 [23 P.2d 795].)

Defendant contends that the present case justifies a departure from these rules. It is asserted that plaintiff is insolvent, and although he is about to recover judgment against defendant in the present action, he will not be able to respond to any judgment defendant may recover against

him in a separate action. It appears to be contended that this prospective loss of defendant's claims necessarily broadens the powers of the superior court on a retrial of the present action, and that the judgment of the Supreme Court should be given an effect which will allow a trial of plaintiff's counterclaims in the present action. We cannot agree. There is no latitude for interpretation of the judgment of the Supreme Court. Neither is there any necessity for broadening the issues to be retried. If plaintiff is insolvent defendant is not without an adequate remedy. (*Harrison* v. *Adams*, 20 Cal.2d 646 [128 P.2d 9], and cases cited.)·

Defendant's claims, based upon the alleged deficiency following the sale of the two vehicles, or for money had and received, were entirely foreign to the issues that had been litigated and which were under review on the appeal. The judgment of the Supreme Court was a proper and complete disposition of the issues that were presented by the record, it is clear and positive, and there is no reason to doubt that the court intended to confine further proceedings in the trial court to a determination of those issues. This limitation measures the authority of the superior court upon a retrial. Plaintiff's motion to strike out defendant's amended and supplemental answers should have been granted.

■ Defendant urges the further point that a writ of mandate should not issue for the reason that plaintiff has a plain, speedy and adequate remedy by appeal from any adverse judgment that may be rendered upon the counterclaims. This objection is not well taken. While ordinarily the remedy by appeal is deemed plain, speedy and adequate, it will not always bar relief by mandate or prohibition. As said in *Chaplin* v. *Superior Court*, 81 Cal.App. 367, 379 [253 P. 954] : "The exception to the rule also is well established that although the order or the judgment to which exception is taken by the person upon whom it operates may be appealable and thus come within the general rule which forbids the issuance of a writ of prohibition, nevertheless, if in the circumstances of a given case it may be clearly discernible that such a remedy will not properly subserve the ends of justice by affording the relief to which the petitioner may be entitled, the fact that, ordinarily speaking, the remedy is 'plain, speedy and adequate' will present no obstacle to the issuance of the writ." (*Hammons* v. *Superior Court*, 63 Cal.App. 700, 707 [219 P. 1037] ; *Dept. of Public Works* v. *Superior Court*, 197 Cal. 215, 223 [239 P. 1076]. See, also, *Davis* v. *Superior*

*Court*, 184 Cal. 691 [195 P. 390] ; *Kahn* v. *Smith*, 23 Cal.2d
12 [142 P.2d 13] ; *LaMar* v. *Superior Court*, 87 Cal.App.2d
126 [196 P.2d 98] ; *Glide* v. *Superior Court*, 147 Cal. 21 [81
P. 225].)

Where relief from unauthorized proceedings is sought by
prohibition or mandate and a right of appeal exists, the court
has a broad discretion to determine from the facts of the
particular case whether the remedy by appeal is plain, speedy
and adequate. (*Fletcher* v. *Superior Court*, 79 Cal.App. 468,
480 [250 P. 195] ; *Golden State Glass Corp.* v. *Superior Court*,
13 Cal.2d 384, 389 [90 P.2d 75].) We are satisfied
that the remedy of appeal from any judgment in favor of
defendant on its counterclaims would not properly subserve
the ends of justice.

The situation, however, is anomalous. Should we decline
to issue a writ of mandate, thus allowing the superior court
to try the issues presented by defendant's amended answers,
the result would be a valid adjudication of plaintiff's present
claim and an invalid adjudication of those of defendant. If
plaintiff should establish his claim, he would have obtained
what he desires, namely, a judgment against defendant with-
out any valid offset based upon defendant's counterclaims.
Defendant would have accomplished nothing, even though it
established the validity of its counterclaims, since a judgment
in its favor would be one which the court had no power to
render.

It will appear from this analysis of the situation that plain-
tiff might be better off if no writ were issued. Upon the other
hand defendant, notwithstanding its objections to issuance
of a writ, may derive advantage through proceeding by inde-
pendent action instead of prosecuting its claims to a void
judgment in the present action. Nevertheless, considerations
of policy, as well as the legal principles we have discussed,
make a strong appeal for the issuance of a writ of mandate.

If, in the present case, a trial should be had on the issues
raised by defendant's amended answers, it would be necessary
to try the same issues in another action before a valid judg-
ment could be rendered thereon. While it is to the interests
of the parties to avoid this unnecessary expense, it is also a
matter of sound policy, in a proper case, to prevent waste of
the trial court's time in the trial of two cases, where one would
suffice. It would seem, therefore, that in any case where a
judgment or order has been reversed with explicit and positive

directions to the trial court under which a party is given a clear right to the trial of limited issues or the entry of a particular judgment or order, and it appears that proceedings in the trial court are about to be taken which would be burdensome and futile, as well as unauthorized, one of the extraordinary writs should issue, although the action about to be taken would be reviewable on appeal.

It is ordered that a writ of mandate issue directing the superior court to strike out all amended and supplemental answers and amendments thereto of defendant insofar as they set up counterclaims to which reference has been made herein, and to conduct further proceedings in accordance with the views herein expressed.

Wood, J., and Vallée, J., concurred.