[Civ. No. 18536.   Second Dist., Div. Two.   Oct. 11, 1951.]

SEABOARD FINANCE COMPANY (a Corporation), Respondent, v. AUSTIN CARTER, Appellant.

W. W. Brunton and Lauren M. Handley for Appellant.

Bromley, Ritter & Lindersmith and Frank E. Carleton for Respondent.

MOORE, P. J.—Respondent sued to recover a deficiency remaining after the sale of movables made pursuant to a chattel mortgage.

On March 11, 1946, respondent loaned appellant $15,658 on a note and chattel mortgage to pay the balance of the purchase price of four vehicles, to wit, a GMC truck and Weber trailer and a Sterling truck and a Fruehauf trailer. They were acquired for the partnership of Carter and Spurgeon which had theretofore engaged in the fishing business. Carter made the down payment of $4,700 and alone executed the note and the mortgage. By agreement they were to share the profits equally in their new enterprise of transporting goods for hire. On July 2, 1946, there was a default in the payments on the note. Demand was made for possession of the chattels as provided by the mortgage. Thereupon Mr. Spurgeon, without objection on the part of appellant, voluntarily delivered the mortgaged chattels to respondent. The

latter promptly forwarded to appellant a notice in writing that unless all sums due under the note be paid, it would sell the chattels on or after five days following the notice. That document was received by appellant. However, no sale was made for over a year for reasons about to be related.

Within a week after the vehicles were delivered to respondent, appellant filed action No. 516539 to recover moneys paid, damages, and for cancellation of the note and mortgage on the ground of fraud in their procurement, and for injunction against respondent's foreclosing the mortgage or exercising the power of sale. He procured a restraining order against such sale which was not dissolved until February, 1947. The sale of the vehicles took place July 2, 1947, exactly one year after they came into respondent's possession. At the foreclosure sale the sum of $10,000 was received for all four vehicles. During that period the chattels were kept on vacant lots and at all times prior to the sale their whereabouts were known to appellant.

In the meantime the judgment on his action, No. 516539, had gone against Carter and he had appealed. The Supreme Court annulled the mortgage insofar as it affected the Sterling truck and Fruehauf trailer by reason of respondent's failure to comply with sections 2981 and 2982 of the Civil Code relating to conditional sales but affirmed the validity of the mortgage lien on the GMC and Weber vehicles. All other demands of Carter were rejected and the court ordered the trial court "to determine the sums due to the plaintiff on the unenforceable portion of the contract relating to the Sterling and Fruehauf vehicles and enter judgment accordingly." (*Carter* v. *Seaboard Finance Co.*, 33 Cal.2d 564, 588 [203 P.2d 758].) Pursuant to such directive further proceedings were had in the court below and judgment was entered in action No 516539 in favor of Carter for 22/45 of the amount loaned on the mortgage, to wit, the sum of $4,314.20. Immediately following the award of such judgment, the same court tried the instant action for the deficiency claimed and held that the loan as to the GMC truck and Weber trailer was valid and awarded respondent $5,034.65. That judgment was credited with the amount recovered by appellant in action No. 516539 leaving respondent's net recovery $570.75.

The court made findings that appellant did not pay as provided by the note; that his partner without objection delivered the truck and trailer to respondent; that on July 2, 1947, the truck and trailer, having been continually advertised, and in-

spected by prospective purchasers, was sold by respondent for $5,000, the reasonable market value thereof; that after crediting that sum to the balance of principal and interest due on appellant's obligation there remained a deficiency balance due from defendant to plaintiff on July 2, 1947.

Appellant now demands that such judgment be reversed and that he be awarded the full value of the last above mentioned truck and trailer. He grounds his contention upon the asserted insufficiency of the notice of sale.

### NOTICE OF SALE IS RES JUDICATA

The issue of insufficiency of the notice of sale is not a legal basis for reversal. It was adjudicated in action No. 516539. Appellant made no allegation in his several pleadings there with respect to the notice save and except the declaration that "defendant notified plaintiff that it intends to sell said trucks on or after five days following the third day of July 1946."[1] The vices, if any, of the notice of sale were known to appellant when he filed his action to enjoin the sale of the vehicles. While he alleged then that notice had been given of the intended sale he evidently chose not to make it a leading issue in a contest wherein he hoped to gain an annulment of the entire mortgage and note. But since a permanent injunction could have been obtained against the alleged sale, if appellant's present contentions are sound, the judgment he obtained in action 516539 is an adjudication of the issue of the insufficiency of the notice of sale. (*Sutphin* v. *Speik*, 15 Cal.2d 195,

---

[1]"NOTICE OF FORECLOSURE (UNDER CHATTEL MORTGAGE)
To Austin Carter, Mortgagor.
Address 1653 W. 12th St., Los Angeles 15, California. You are hereby notified that the undersigned has foreclosed under provisions of that certain Chattel Mortgage executed by you on the 11th day of March, 1946, whereby you mortgaged to Seaboard Finance Company
1938 Sterling Stake, Motor No. BEFF8682
1940 Cummins Diesel, GMC 3 axle truck
1936 Freuhauf 3 axle trailer BE13882
1936 Weber 3 axle pull trailer, Ser. No. 1307
as security for the payment of indebtedness, and you are hereby further notified that the said Automobile is now in possession of the undersigned and unless you pay to the undersigned, as holder and owner of the said Mortgage, at this office located at 959 S. Flower Street, Los Angeles 15, California, within five days from the date of this notice the sum of $18,721.29, all of which said sum is now due and payable pursuant to the conditions of said Mortgage, the said Automobile will thereafter be sold pursuant to terms of said Chattel Mortgage. Dated at Los Angeles, this 3rd day of July, 1946
Seaboard Finance Company, Mortgagee
By Hal F. Overlin"

202 [99 P.2d 652, 101 P.2d 497].) ▮ Whatever grievance a litigant may have at the time he is involved in a legal contest must be included in his pleadings then. If he neglects or chooses not to do so the judgment entered will be deemed final as to such question as may have been a potential issue. (*Ibid.*)

The "notice of foreclosure" which was served on appellant on July 3, 1946, complied with the terms of the chattel mortgage which provided "upon a breach of the mortgage then the entire balance may be declared due and payable forthwith, and mortgagee . . . without previous notice or demand, may . . . take possession of the property according to law . . . it may be sold at public or private sale, anytime not less than five days after notice is mailed . . . advising him said property has been repossessed and will be sold at a time and place designated in said notice. . . . The property need not be present at place of sale."

▮ Appellant contends that the deficiency sued for in the instant action could have been pleaded in appellant's action No. 516539 and therefore the right to a deficiency is res judicata. By such contention appellant ignores the fact that judgment was entered on February 17, 1947, in No. 516539, whereas respondent did not sell the vehicles until July. 3, 1947. Moreover, while appellant's action No. 516539 was in the judicial process, after reversal by the Supreme Court, respondent filed a supplemental answer alleging the deficiency resulting from the sale of the chattels. This court (Division III) issued a writ of mandate requiring the superior court to disregard respondent's counterclaim for a deficiency and to proceed as directed by the Supreme Court. (*Carter* v. *Superior Court*, 96 Cal.App.2d 388, 391 [215 P.2d 491].) Since it has been finally decided that respondent had no right to litigate its claim for a deficiency in action No. 516539, appellant's asserted plea of res judicata with respect to the deficiency is without merit.

### Appellant Waived Notice

▮ If appellant had been entitled to any further notice than that which he admits was received, his behavior shows an intentional waiver thereof. He sued for a cancellation of the mortgage in July, 1946, and procured a restraining order against the sale, which fact delayed the sale for a year. He never thereafter, until his answer herein, hinted that he did not have notice of the sale. To his partner's delivery of the vehicles to respondent in July, 1946, appellant made no objec-

tion. By his acquiescence in respondent's possession and notice of foreclosure and by his suit to annul the mortgage in its entirety on the ground that it was void, he clearly waived any further notice of sale under the mortgage. He had ample opportunity to assert his right to another notice from July 3, 1946, to date of sale, July 2, 1947. Also, he might have asserted his grievance by appropriate action prior to the filing of the complaint herein, March 8, 1950. That he did not do so must be deemed to have been a waiver of further notice.

■ Appellant is estopped to deny that he had a sufficient notice of foreclosure. He admitted that Spurgeon was his partner who delivered the vehicles to respondent after it developed that neither of them could make the delinquent payments. He saw that they were offered for sale. He saw them on the lot of Temple and Maloney where he and Spurgeon had bought them. While he was endeavoring to annul the mortgage by judicial proceeding over the course of a year he took no steps to protect his interests in the event he should lose in the contest. In neither negotiation nor pleading did he ever suggest the inadequacy of the notice. Such inaction was reasonably calculated to induce respondent to conclude that its proceedings had been in accordance with the mortgage and that its only remaining duty was to obtain the best available price for the property. While appellant suffered no loss by reason of having received no additional notice, solely by his course of conduct he has led respondent to believe no further notice was essential, and a contrary holding would require expensive delays and other sale proceedings. Having by his own acts and omissions deliberately led respondent to believe that satisfactory notice of sale had been served he will not now be permitted to falsify the conclusion created by his behavior. (Code Civ. Proc. § 1962, subd. 3.)

Respondent performed its duty to appellant by procuring the highest price possible for the trucks and trailers. The proof was complete that every reasonable effort was made to get more money and that respondent did obtain $5,000—the reasonable market value of the GMC truck and Weber trailer.

Judgment affirmed.

McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 6, 1951.