MARY E. CORBETT *vs.* BOSTON AND MAINE RAILROAD.
MARY E. CORBETT, administratrix, *vs.* SAME.

Essex.    November 7, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Jurisdiction. Negligence,* Employer's liability, Causing death. *Practice, Civil,* Dismissal of action, Concurrent remedies. *Pleading, Civil,* Effect of pleadings in determining jurisdiction. *Election. Interstate Commerce,* Employer's liability.

A court without jurisdiction of a case cannot enter judgment in favor of either party, but only can order the case dismissed for want of jurisdiction.

While the federal employers' liability act, U. S. St. of April 22, 1908, c. 149, as amended by U. S. St. of April 5, 1910, c. 143, is exclusive in its application to personal injuries received by employees of carriers by railroad engaged in interstate commerce while such employees are performing a service in interstate commerce, it has no application to personal injuries received while such an employee is engaged in intrastate commerce, injuries occurring to employees in intrastate commerce still being controlled by the law of the States in which they are sustained.

Where a brakeman in the employ of a railroad corporation which was engaged in both interstate and intrastate commerce was instantaneously killed in this Commonwealth and his widow in her individual capacity brings in the Superior Court of this Commonwealth an action against the railroad corporation under St. 1909, c. 514, §§ 127, 129, and, as administratrix of his estate, brings in the same court another action under the federal employers' liability act, U. S. St. of April 22, 1908, c. 149, as amended by U. S. St. of April 5, 1910, c. 143,

and the two cases come on to be tried together, the question, whether the particular service which the employee was performing when he was killed was interstate commerce or was intrastate commerce, cannot be determined upon the pleadings solely, but is a question of fact to be determined upon evidence; and a ruling, that the bringing of the action under the federal statute had the effect of superseding the action under the State statute and of depriving the court of jurisdiction to hear the action under the State statute during the pendency of the action under the federal statute, is erroneous.

It is a familiar principle of law that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one course even to defeat, and then take another, or he may pursue all courses concurrently until it finally is decided which course is the proper one to give him his remedy. Per Rugg, C. J.

*It seems*, that, where the settlement of an issue of fact determining which of two remedies is applicable depends upon conflicting evidence, it is more likely that the truth will be ascertained by adducing all the evidence at one time before a single tribunal and enabling it to find out the real situation under an adequate statement of the governing rules of law applicable to all phases, than if two distinct and successive inquiries are required before separate tribunals where only a single aspect of the incident can be open to investigation at one time. Per Rugg, C. J.

Where, after the instantaneous death in this Commonwealth of a brakeman employed by a railroad corporation which was engaged both in interstate and intrastate commerce, his widow in her individual capacity brings an action against the corporation in the Superior Court under St. 1909, c. 541, §§ 127, 129, for causing his death and in the same court brings another action under the federal employers' liability act, U. S. St. of April 22, 1908, c. 149, as amended by U. S. St. of April 5, 1910, c. 143, in her capacity as administratrix of the employee's estate, and the two cases come on to be tried together, she cannot be compelled to elect, before any evidence is heard, which action she will rely upon. *Whether*, under different circumstances, a plaintiff could or ought to be compelled by the trial court to make such an election before the evidence has been closed, or after it has been closed, was not decided.

Tort under St. 1909, c. 541, §§ 127, 129, by the widow of Michael J. Corbett for his instantaneous death while working for the defendant as a brakeman on July 8, 1912, at Lawrence. Writ dated December 6, 1912; also

Tort under U. S. St. of April 22, 1908, c. 149, as amended by U. S. St. of April 5, 1910, c. 143, by the administratrix of the estate of the same Michael J. Corbett, who also was his widow, for his death. Writ dated June 12, 1914.

The U. S. St. of April 22, 1908, c. 149, as amended by U. S. St. of April 5, 1910, c. 143, is as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That every common carrier by railroad while engaging in commerce

between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. 2.    That every common carrier by railroad in the Territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. 3.    That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee:    Provided, That no such employee who may be injured or killed shall be held to have

been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

"Sec. 4. That in any action brought against any common carrier under or by virtue of any of the provisions of this Act to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee.

"Sec. 5. That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this Act, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this Act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.

"Sec. 6. That no action shall be maintained under this Act unless commenced within two years from the day the cause of action accrued.

"Under this Act an action may be brought in a circuit court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several States, and no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

"Sec. 7. That the term 'common carrier' as used in this Act shall include the receiver or receivers or other persons or corporations charged with the duty of the management and operation of the business of a common carrier.

"Sec. 8. That nothing in this act shall be held to limit the duty or liability of common carriers or to impair the rights of

their employees under any other act or acts of Congress, or to affect the prosecution of any pending proceeding or right of action under the Act of Congress entitled 'An Act relating to liability of common carriers in the District of Columbia and Territories, and to common carriers engaged in commerce between the States and between the States and foreign nations to their employees,' approved June eleventh, nineteen hundred and six.

"Sec. 9. That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

Under an agreement of the parties that the cases might be tried together on a certain day, they came on to be tried before *Hall*, J., who ruled that the bringing of the action by the administratrix under the federal statute subsequent to the bringing of the action by her as widow under the State statute operated to supersede the action under the State statute and to deprive the court of jurisdiction to hear it during the pendency of the action under the federal statute, and that judgment should be entered for the defendant in the action under the State statute. The judge accordingly ordered that such a judgment be entered and reported the case to this court for determination of the correctness of his ruling and order.

*F. N. Chandler*, for the plaintiff, was stopped by the court.

*P. N. Jones*, for the defendant.

RUGG, C. J. The husband of the plaintiff met his death on July 8, 1912, from injuries received while working for the defendant. The plaintiff brought the first action in her own name and right to recover damages for this death under the Massachusetts employers' liability act, which in such cases gives a right of action to the widow of the employee. Subsequently, having been appointed administratrix of the estate of her husband, she brought an action as such administratrix under the employers' liability act of the United States, alleging that the deceased was engaged at the time of his death in service upon a train in interstate commerce. Each of these actions was against'

the defendant to recover damages for the death of the same person. They came on for trial together in the Superior Court. The judge ruled that the bringing of the action under the federal employers' liability act had the effect of superseding the action under the State employers' liability act and of depriving the court of jurisdiction to hear that action during the pendency of the other action. In the action under the State statute he ordered judgment for the defendant and reported the correctness of his ruling to this court.

Even if the presiding judge was right in his ruling, judgment ought not to have been rendered in favor of the defendant in the action under the State statute. A court without jurisdiction over a case cannot enter judgment in favor of either party. It can only dismiss the case for want of jurisdiction.

But we are of opinion that the ruling was wrong. The federal act in the field covered by it supersedes all State statutes. As to matters within the scope of the federal power, legislation by Congress is supreme. So long as Congress had not acted as to liability for injuries received by employees of railroads while engaged in interstate commerce, legislation by the States touching that subject, being within the police power, was valid. But when Congress exerted its jurisdiction to regulate in this respect commerce between the States, State statutes previously operative in that sphere yielded to its paramount and exclusive power. *Michigan Central Railroad* v. *Vreeland,* 227 U. S. 59, 66. *St. Louis, San Francisco & Texas Railway* v. *Seale,* 229 U. S. 156. *Taylor* v. *Taylor,* 232 U. S. 363. *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492, 501. The federal act has no greater extent. It does not undertake to affect the force of the State statute in its appropriate sphere. The State law is as supreme and exclusive in its application to intrastate commerce as is the federal law to interstate commerce. If the employee of a railroad engaged in both interstate and intrastate commerce is injured or killed while in the former service, the carrier's liability is controlled and must be determined solely by the federal law; if in the latter service, such liability rests wholly upon the State law. *Wabash Railroad* v. *Hayes,* 234 U. S. 86.

The facts and not the pleadings determine whether the wrong done in any given case confers a right to recover under the federal

or under the State statute. The allegations in the plaintiff's declarations in these two actions do not constitute the test whether the jurisdiction of the court is under the federal or State statute. These simply are the basis for a judicial inquiry into the facts which alone can determine that question. It is a familiar principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election. A party is not obliged to select his procedure at his peril. *Jennings* v. *Wall*, 217 Mass. 278, 281, 282. *Moore* v. *Sanford*, 151 Mass. 285. *Furber* v. *Dane*, 204 Mass. 412, 415. *William W. Bierce, Limited*, v. *Hutchins*, 205 U. S. 340, 347. *Snow* v. *Alley*, 156 Mass. 193, 195. *Brown* v. *Woodbury*, 183 Mass. 279, 281. *Rankin* v. *Tygard*, 119 C. C. A. 591, 602. This rule has been followed frequently in actions where it was doubtful whether the remedy of the plaintiff was under our employers' liability act or at common law. *Brady* v. *Ludlow Manuf. Co.* 154 Mass. 468. *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273. *Murray* v. *Knight*, 156 Mass. 518. *D'Almeida* v. *Boott Mills*, 209 Mass. 81. It is equally applicable to the cases at bar. The principle is not changed in any material respect because the question relates to remedies afforded by the statutes of different sovereign powers, each exclusive within its own domain. The relief is sought in the same forum, for the State court has jurisdiction of the cause of action, whichever statute may be controlling. *Mondou* v. *New York, New Haven, & Hartford Railroad*, 223 U. S. 1, 57.

There are strong practical considerations in the administration of justice which lead to the same result. It oftentimes would be a great hardship upon the parties to compel them to try out first the question whether the federal act applies, and, if it in the end shall be decided that it does not, then to test by further litigation their rights under the State statute. The short period of limitations provided in each act often might expire before a final decision could be reached. If adverse to the plaintiff on the ground of error in the form of relief sought, he thus might be barred from

a just recovery. Although both the federal and State statutes as to amendments are liberal, U. S. Rev. Sts. § 954, R. L. c. 173, § 48, and are liberally interpreted in cases of this sort, *Missouri, Kansas & Texas Railway* v. *Wulf,* 226 U. S. 570, *Herlihy* v. *Little,* 200 Mass. 284, nevertheless the allowance of such amendments rests commonly in the sound discretion of the trial judge and is not subject to revision on exceptions. As it is not a matter of right, substantial interests might be lost through no fault of a plaintiff who constantly had been alert in his own behalf.

The federal act has been construed as covering injuries occurring at the moment when the particular service performed is a part of interstate commerce. *Illinois Central Railroad* v. *Behrens,* 233 U. S. 473, 478. Whether a railroad employee is engaged in interstate or intrastate commerce often involves legal discrimination of great nicety about which even the justices of the highest court are not always in harmony. *Pedersen* v. *Delaware, Lackawanna & Western Railroad,* 229 U. S. 146. *St. Louis, San Francisco & Texas Railway* v. *Seale,* 229 U. S. 156. *North Carolina Railroad* v. *Zachary,* 232 U. S. 248. It would be a saving of expense both to the parties and to the Commonwealth if the two actions could be prosecuted together, so that by one trial the facts could be ascertained and the causes ended by the determination of the governing principles of law. Where the settlement of an issue of fact depends upon conflicting evidence, it seems more likely that the truth will be ascertained by adducing all the evidence at one time before a single tribunal and enabling it to find out the real situation under an adequate statement of the governing rules of law applicable to all phases, than to require two distinct and successive inquiries before separate tribunals where only a single aspect of the incident could be open to investigation at one time.

There are important points of dissimilarity between the rights conferred and the burdens imposed under the two statutes. The rules of evidence may be different. The principles of law by which liability may be established under the two statutes are somewhat divergent. Difficulties will be presented in the trial which will require great care and a strong grasp by the presiding judge, and demand careful discrimination by jurors. But these

are not insurmountable obstacles, nor do they appear to counterbalance the advantages which will accrue in permitting a conjoint prosecution of the two causes in appropriate instances.

So far as the reasoning in *Louisville & Nashville Railroad* v. *Strange,* 156 Ky. 439, and *South Covington & Cincinnati Street Railway* v. *Finan,* 153 Ky. 340, is inconsistent with the result here reached, we are not inclined to follow those decisions.

The defendant has contended that the plaintiff at least ought now to be compelled to elect which action she will rely upon. But the argument is not convincing. The plaintiff in each of the present cases happens to be the same individual. But that is an accident. Under the State statute she is given a right of action because she is the widow. She prosecutes that action in her own name and in her own interest. *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468. The action under the federal statute can be prosecuted only by the personal representative of the deceased for the benefit of the persons therein named, among whom may be included others than the widow. *American Railroad* v. *Birch,* 224 U. S. 547. *Troxell* v. *Delaware, Lackawanna & Western Railroad,* 227 U. S. 434. The plaintiffs in two such cases as these well might be different persons. In any event, they sue in different capacities. Under these circumstances it would be difficult to require an election. The reasoning upon the main point of this opinion leads to the conclusion that election ought not to be required at this stage. It is not necessary to decide whether an instance might arise where a plaintiff could be compelled to elect before the evidence is closed, nor whether at the close of the evidence an election could or ought to be required by the trial court. See *Clare* v. *New York, & New England Railroad,* 172 Mass. 211, 213.

In accordance with the terms of the report, the judgment for the defendant in the action of *Corbett* v. *Boston & Maine Railroad* is set aside, and both actions are remanded to the Superior Court for further proceedings there.

*So ordered.*