GREELEY ARCADE, Inc. v. ROTHEN-BERG et al.

Civ. No. 52–258.

United States District Court
D. Massachusetts.

May 27, 1952.

490

Stuart Macmillan and William P. Cunningham (of Haussermann, Davison & Shattuck), Boston, Mass., Max Edelman, New York City, for plaintiff.

Paul E. Troy, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

Each of the three defendants has filed a motion for judgment on the pleadings. I am satisfied that on Count One the two Rothenberg defendants are properly charged in an action for rescission and the motions as to this count are denied as to them. Since it appears that the defendant Bergson was not a party to the contract, an action for rescission cannot be maintained against him and his motion for judgment on the first count is allowed.

As to the other counts which are for inconsistent remedies, I am of course bound by the Massachusetts law under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The comprehensive briefs filed by the defendants cite all of the leading Massachusetts cases on the question of election to rescind or affirm a contract, and it is clear from those cases that when an election has been made the election is binding and no other remedy can be pursued. However, the election to rescind is not to be considered final on the mere pleadings in a case. Election is a fact, and as stated in Corbett v. Boston and Maine Railroad, 219 Mass. 351, 356, 107 N.E. 60, 62, 12 A.L.R. 683, where there was involved the question whether the plaintiff should proceed under the State or Federal Employees' Liability Act, 45 U.S.C.A. § 51

et seq., "The facts and not the pleadings determine whether the wrong done in any given case confers a right". I assume that where the plaintiff keeps open his offer to rescind, the defendants may accept it at any time and thus make it binding upon the plaintiff, but I do not think that the Massachusetts law forecloses an injured party from seeking alternate inconsistent remedies where the defendants by their own conduct deprive the plaintiff of his desired remedy. See Restatement of the Law on Contracts, Massachusetts Annotations, § 485, where it says that "Where a transaction is voidable for fraud or misrepresentation and the injured party has exercised his power of avoidance, a subsequent manifestation of intent to affirm the transaction is inoperative; * * * unless the party guilty of the fraud or misrepresentation also manifests assent thereto by refusal to accept return of the consideration or otherwise".

The motions for judgment on Counts Two, Three and Four are denied, and the motion to amend by adding Count Five is allowed.