Lindsey-Davis Company, Inc.

*v.*

Garrison Siskin and A. M. Siskin.

358 S.W.2d 331.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

Joe V. Williams, Jr., Chattanooga, for plaintiff in error.

John T. Fort, Chattanooga, for defendants in error.

MR. JUSTICE DYER delivered the opinion of the Court.

On September 9, 1954 Lindsey-Davis Company recovered a judgment against Glenwood Park Company in the Chancery Court of Hamilton County being Docket No. 31978. This judgment was for the sum of $40,571.71 and further for the recovery of 204 shares of Class A Common Stock of the Glenwood Park Company.

Upon appeal the decree of the Chancellor was affirmed by the Court of Appeals the judgment in the Court of Appeals being against Glenwood Park Company and sureties Garrison Siskin and Mose Siskin. This judgment became final by denial of certiorari in this Court on October 10, 1955.

On November 3, 1955 this judgment was paid to Lindsey-Davis Company and all rights, titles and interest in the judgment assigned to Garrison Siskin and A. M. Siskin. The consideration recited is the sum of $43,377.92 cash in hand paid.

On November 8, 1955 for the cash sum of $43,377.92 this judgment was assigned by Garrison Siskin and A. M. Siskin to Scott N. Brown Company.

On February 17, 1960 Lindsey-Davis Company filed their bill now before this Court against Garrison Siskin and A. M. Siskin to rescind the assignment of the judgment above referred to.

This bill alleges on or about November 3, 1955 Lindsey-Davis Company was advised the judgment was to be paid, and upon arrival at the offices of attorneys to receive payment they were advised Garrison Siskin and A. M. Siskin would not pay the judgment, unless Lindsey-Davis would execute a paper which had been prepared. The bill then alleges Lindsey-Davis executed the paper, which they thought at the time was payment of the judgment, but was in fact an assignment of the judgment. The bill further alleges Lindsey-Davis Company did not learn of this fact until September 15, 1958.

The bill further alleges the $43,377.92 shown in the assignment as paid in cash is in fact untrue that Garrison Siskin and A. M. Siskin furnished no consideration for this assignment. The bill then alleges a secret and private agreement involving Scott N. Brown and the said consideration was furnished by Scott N. Brown & Company rather than by the Siskins.

The bill prays the assignment of this judgment be delivered up by the Siskins and an order be entered rescinding said contract assignment, and that same be declared void and cancelled, and that whatever title may have been conveyed to the Siskins be divested out of them and reinvested in Lindsey-Davis.

The defendants, Siskin filed a demurrer to this bill as follows:

"1. There is no equity shown on the face of the bill.

"2. The bill is deficient in that while the allegations imply that complainant's judgment was paid to it there is no allegation from which the court or these defendants can determine with certainty whether the complaint relates to non-payment of the judgment or the subsequent assignment.

"3. There is nothing alleged in the bill to be facts and which are alleged to be untrue.

"4. There are no representations alleged in the bill and there are none which are alleged to be fraudulent.

"5. The allegations of untruth and fraud are mere conclusions of the pleader since there are no facts alleged to support or on which to base such a charge.

"6. The complainant, if entitled to rescind the assignment, has not returned the Forty Three Thousand Dollars ($43,000.00) paid to it nor does it offer to do so.

"7. The complaint shows on its face that the complainant is guilty of laches in seeking rescission if entitled to rescind.

"8. The complaint shows on its face that the complainant has affirmed the assignment by its failure to seek rescission with any reasonable promptness.

"9. The reasons given in the bill for seeking relief are not sufficient in law or in equity to permit or justify rescission."

The Chancellor sustained the demurrer and dismissed the bill without assigning any particular ground.

■ Counsel for Lindsey-Davis admit in their brief it is a fundamental rule in equity a contract will not be

rescinded if the parties cannot be placed in status quo. Counsel then states since the bill alleges the Siskins paid no consideration for the assignment it is not necessary to tender the money to them.

██ Conceding for the purpose of the demurrer, that someone other than the Siskins did furnish the consideration paid this does not alter the fact Lindsey-Davis received the same; and though now requesting a rescission of the assignment contract do not tender the consideration received to anyone. He who seeks equity must do equity.

Under the view we take of this case it is not necessary to consider each ground of the demurrer.

Judgment affirmed.