94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KIMBRO EQUITIES I, et al., Plaintiffs,
Raymond T. Matlock, Plaintiff-Appellee Cross-Appellant,
v.
METROPOLITAN FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Defendants,
Robert Bond Miller; Miller & Associates, Inc.,
Defendants-Appellants Cross-Appellees.
 Nos. 95-5118, 95-5238.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Judge.*
 PER CURIAM.
 
 
 1
 In this case we examine multiple issues regarding an investment in a general partnership. Concluding that there is only one meritorious issue, we AFFIRM, in part, and REVERSE, in part.
 
 I. FACTS AND CASE HISTORY
 
 2
 Raymond Matlock[1] invested $50,000 in Charlotte Partners, a general partnership involving the purchase of apartments which were to be converted and sold as condominiums. The investment was induced by misrepresentations by Robert Miller, an agent of Miller & Associates, Inc., regarding fees, commissions and ownership of the real property. When the investment went sour and after Matlock discovered Robert Miller's and Miller & Associates' ("the Miller defendants") fraud, he filed suit.
 
 
 3
 Following a bench trial, the district court found for Matlock on his state law fraud and breach of fiduciary duty claims. The lower court held that there was no legal causal relationship between the Miller defendants' fraud and breach of fiduciary duty and Matlock's claimed losses. The district court therefore awarded no general or consequential damages. However, the district court imposed against Robert Miller, individually, as well as against Miller & Associates, an award of $15,000 in punitive damages. The court also ordered rescission of the contract and restitution of the consideration pursuant to Tennessee law in the amount of the $50,000 initial investment.
 
 
 4
 The Miller defendants filed a motion for relief from the judgment pursuant to FED.R.CIV.P. 60(b) which was summarily denied. Matlock filed a motion to alter or amend the judgment pursuant to FED.R.CIV.P. 59(e) which was granted, in part, adding $44,792.78 in pre-judgment interest. The other issues raised by Matlock were denied.
 
 
 5
 Miller & Associates and Miller individually filed this timely appeal asking for review of the final judgment, the denial of their 60(b) motion and the partial grant of Matlock's 59(e) motion. Matlock cross-appeals the final judgment and partial grant of his 59(e) motion on the issue of the amount of compensatory and punitive damages only.
 
 II. ANALYSIS
 
 6
 In a final judgment entered pursuant to a bench trial, we review the district court's findings of fact for clear error, deferring to the court's opportunity to judge the credibility of the witnesses. FED.R.CIV.P. 52(a); Anderson v. Bessemer City, 470 U.S. 564, 573-75 (1985). However, the district court's legal conclusions are reviewed de novo. Bessemer City, 470 U.S. at 573-74; Woolsey v. Hunt, 932 F.2d 555, 562-63 & n. 6 (6th Cir.), cert. denied, 502 U.S. 867 (1991). We review the denial of FED.R.CIV.P. 59(e) and 60(b) motions for an abuse of discretion. Columbia Gas Transmission, Corp. v. Limited Corp., 951 F.2d 110, 112 (6th Cir.1991) (regarding 59(e) motions); Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 (1978) (regarding 60(b) motions). However, if either a 59(e) or 60(b) denial is "based upon an erroneous legal doctrine, our standard of review is the same as in other cases of legal error." Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 n. 5 (6th Cir.1982).
 
 
 7
 A. Robert Miller's Liability for Rescissionary Damages
 
 
 8
 It was well within the district court's fief to order rescission of the contract and restitution of Matlock's initial investment. In Tennessee, "[t]he equitable remedy of rescission is not enforceable as a matter of right but is a matter resting in the sound discretion of the trial court." Vakil v. Idnani, 748 S.W.2d 196, 199-200 (Tenn.Ct.App.1987). Among the few grounds justifying rescission is fraud. See Birdsong v. Birdsong, 39 Tenn. (1 Head) 289 (Tenn.1859). Rescission is available as a remedy for fraud, since fraud "vitiates all contracts into which it enters." Hunt v. Walker, 483 S.W.2d 732, 735 (Tenn.Ct.App.1971) (citing Harris v. Smith, 42 Tenn. (2 Cold.) 306, 308 (1865)); see also MAYO L. COINER, TENNESSEE LAW OF DAMAGES, § 7.4 (1988). Our review of the record in this case persuades us that the district court's findings of fact are not clearly erroneous, and that the district court properly exercised its discretion by ordering rescission.
 
 
 9
 Rescission, by definition, is purely a contractual remedy. See BLACK'S LAW DICTIONARY 1306 (6th ed. 1990). "Rescission involves the avoidance or setting aside of a transaction.... It is intended to return the parties to the positions they were in before the transaction took place." Williamson v. Upchurch, 768 S.W.2d 265, 271 (Tenn.Ct.App.1988) (citing Lindsey-Davis Co. v. Siskin, 358 S.W.2d 331, 333 (Tenn.1962)). As a result, only parties to the contract are subject to the remedy of rescission. See Greeley Arcade, Inc. v. Rothenberg, 105 F.Supp. 489, 490 (D.Mass.1952) (holding that since defendant "was not a party to the contract, an action for rescission cannot be maintained against him"). Under Tennessee law, rescission in a case such as the one before us involves restitution of the original investment plus any other monies which the court deems would place the prevailing party in the position he was in when the contract was contemplated. See Lamons v. Chamberlain, 909 S.W.2d 795, 800 (Tenn.Ct.App.1993).
 
 
 10
 Robert Miller individually was never a party to the partnership agreement. Although he was an agent for Miller & Associates, Inc., which was a party to the contract, Miller can only be held liable for remedies in tort, not remedies in contract. See Brungard v. Caprice Records, Inc., 608 S.W.2d 585, 590 (Tenn.Ct.App.1980) (distinguishing between tort and contract liability of an agent). We therefore reverse the $50,000 award of restitution against Miller individually. We hold, however, that he remains individually liable for the punitive damages awarded on the tort claims.
 
 
 11
 B. The Remaining Issues Raised on Appeal and Cross-Appeal
 
 
 12
 After careful examination of the remaining issues raised by the parties on appeal and cross-appeal, we find them devoid of merit. Accordingly, we affirm the remainder of the district court's orders.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, the rulings of the district court are REVERSED as they relate to Miller's individual liability for the $50,000 restitutionary award, and are AFFIRMED in all other respects.
 
 
 
 *
 The Honorable JAMES G. CARR, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Other investors were initially involved in this suit, but have settled their claims against the defendants